# EXHIBIT A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| In re Application of | ) |
| MOUSSY SALEM | ) ) Civil Action No. |
| FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. §1782 FROM BENO SALEM | ) ) ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Beno Salem

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: DLA Piper LLP (US) 200 South Biscayne Blvd. Suite 2500 Miami, FL 33131 | Date and Time: Sept. 27, 2023 at 9:00am ET |
|---|---|

The deposition will be recorded by this method: stenographic means

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/21/2023

*CLERK OF COURT*

OR

_____    _____
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Andrea Guzman DLA Piper LLP (US), 200 South Biscayne Blvd., Suite 2500 , who issues or requests this subpoena, are:

Miami, FL 33131, andrea.guzman@us.dlapiper.com, 305-423-8525

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| *In re* Application of<br><br>MOUSSY SALEM<br><br>FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. §1782 FROM BENO SALEM | )<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Beno Salem

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: DLA Piper LLP (US)<br>200 South Biscayne Blvd. Suite 2500<br>Miami, FL 33131 | Date and Time:<br>Sept. 18, 2023, at 10:00am ET |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/21/2023

*CLERK OF COURT*

OR

_____              _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*  Andrea Guzman

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Andrea Guzman
DLA Piper LLP (US), 200 South Biscayne Blvd., Suite 2500          , who issues or requests this subpoena, are:
Miami, FL 33131, andrea.guzman@us.dlapiper.com, 305-423-8525

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A
## DEFINITIONS & INSTRUCTIONS

Whenever used herein, the following terms shall have the following meanings:

1. "**African Businesses**" refers to a set of trading businesses owned by the Salem Family and held through a series of trusts.

2. "**Applicant**" means Moussy Salem and includes any employees, agents, representatives, or other persons acting on behalf of Petitioner or their affiliates, including but not limited to attorneys and accountants.

3. "**Communication**" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

4. "**Document**" and "**Documents**" is synonymous with the definition contained in Federal Rule of Civil Procedure 34. For the avoidance of doubt, a Document includes all Documents appended or attached thereto or enclosed therewith.

5. "**Including**" means "including, without limitation."

6. "**Morsgate Agreement**" means the March 14, 2000 Logistics Agreement involving Morsgate International Limited and Parker Logistics Limited.

7. "**Morsgate Shareholders**" means Société Cobexim SARL, Glynfield Finance Limited, Transglobe Logistics Management Limited, Forewin (Ghana) Limited and Lewadis FZ Limited.

8. "**Person**" means a natural person, firm, company, partnership, corporation, association, government, department, agency, organization, trust, estate, or any other entity, regardless of whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government controlled.

9. "**Respondent,**" "**You**," and "**Your**" mean Beno Salem, including any of his affiliates, agents, representatives, or others acting on his behalf.

10. "**Salem Businesses**" refers to the subset of entities, which are part of the business beneficially owned by the Salem family and operated in various countries, as well as its subsidiaries, successors, predecessors, employees, agents, representatives, or affiliates (defined in the Memorandum of Law as the "**African Businesses**") which are connected to Morsgate International Limited ("**Morsgate**") which acts or acted as, *inter alia*, a treasury company to the Salem Businesses, including specifically the following businesses as set forth by jurisdiction:

    a. Benin:
        i. Société Cobexim SARL
    b. BVI:
        i. Monline International Limited
        ii. Glynfield Finance Limited
        iii. Transglobe Logistics Management Limited
    c. Ghana:
        i. Forewin (Ghana) Limited
        ii. Lewadis FZ Limited
    d. Lebanon:
        i. Gestcom International Offshore SAL

      ii.      Gestcom International Trading Offshore SAL/Gee Trading (Offshore) SAL
- e. Nigeria:
  - i. Blue Arrow TSW Limited
  - ii. Great Brands Nigeria Limited
- f. United Kingdom:
  - i. Monline UK Limited
  - ii. Parker Logistics Limited
- g. USA:
  - i. BS Gestcom Holdings Corp

11. Please set forth the Request before each response when issuing your written responses to these Requests.

12. Please produce any Document in the possession, custody, or control of Respondent and/or his representatives or that was in the possession, custody, or control of Respondent at any time, or is in the possession of any of Respondent's present or former attorneys, agents, representatives, employees, heirs, assigns, or other persons acting or purporting to act on his behalf. Please also produce any Document affixed to or attached to any Document otherwise responsive to any Document request.

13. If, in answering these Requests, you believe that a definition or instruction applicable thereto, is ambiguous, please set forth as part of the response the language you believe is ambiguous and the interpretation you have used to respond to the request.

14. If any Document is withheld or redacted on a claim that it is privileged or otherwise subject to any protection from production, such claim shall be made expressly in compliance with Local Rule 26.2, and shall be supported by an identification of the nature of the Documents, Communications, or things not produced, sufficient to enable the demanding party, and the Court if necessary, to evaluate the claim of privilege or protection.

15. The parties will meet and confer regarding the format in which ESI will be produced. ESI should be produced in the format that the parties agree upon. In the event that the parties cannot reach agreement on a format for the production of electronically stored information, you should produce ESI in the following format:

    a. All Documents should be produced as text searchable image files (*e.g.*, .PDF or .TIFF (Group IV, color, minimum 300 DPI)) unless prior imaging renders this an impossibility. The images should be unitized by each individual logical Document, endorsed with a sequential alphanumeric Bates number (*e.g.*, ABC000001), and named to correspond to the Bates number endorsement on the first page of the document (*e.g.*, ABC000001.tiff). To the extent practicable, each individual Document and Communication based on an electronic file should be accompanied by a corresponding text file containing the searchable text for the Document. The text file should be named to correspond to the Bates number endorsement on the first page of the Document or Communication (*e.g.*, ABC000001.txt). Your production should include a Concordance load file, which should consist of the following two files: (1) .dat - Beg Prod, End Prod, Extracted Text (with appropriate mapping) and any other metadata fields the Parties agree to provide, and (2) .opt - contains mapping to the single page images.

b.  Except as otherwise provided herein, MS-Excel files, PowerPoint files, CSV files, and similar spreadsheet files and/or databases should be produced in native format, along with a Bates–numbered single–page image (*e.g.*, .TIFF or .TIF). The .TIFF or .TIF image should bear the legend "Produced in Native Format" along with a Bates number and any confidentiality designation. The metadata load file for each such Document or database should contain the relevant Document designation (*i.e.*, "Confidential" in a field named "Designation"), and a link to the native format Document or database named "Native Link." Such links should contain the full directory path and file name of the spreadsheet or database as contained in the production media. To the extent that a Document or database contains information subject in part to a claim of privilege or other protection from disclosure, it should be produced in the form of a redacted .TIFF or .TIF image, rather than in native format.

c.  For files not produced in native format, You should provide the following metadata for ESI produced to the extent such metadata exists and can be reasonably provided. To the extent that either party has a good faith belief there is a need for additional email header paths for particular email(s), the other party should agree to reasonably consider said Request and meet and confer as may be necessary.

| Field Name | Description |
| --- | --- |
| BegDoc# | Displays page ID of first page in a document. |
| EndDoc# | Displays page ID of last page in a document. |
| BegAttach | Displays BegDoc# of parent record. When exported, the values will match the field used as the Image Tag. |
| EndAttach | EndDoc# of last attached document in family. When exported, the values will match the field used as the Image Tag. |
| PgCount | Number of pages in a document (image records). |
| FileDescription | Description of native file type, as listed in file type database. |
| FilePath | Full path to source files (if e–docs or loose e–mail) or folder path contained with a mail store (if NSF or PST). |
| From | Author of the e–mail message. |
| To | Main recipient(s) of the e–mail message. |
| CC | Recipient(s) of "Carbon Copies" of the e–mail message. |
| BCC | Recipient(s) of "Blind Carbon Copies" of the e–mail message. |
| DateSent | Sent date of an e–mail message. |
| TimeSent | Time the e–mail message was sent. |
| DateRcvd | Received date of an e–mail message. |
| TimeRcvd | Time the e–mail message was received. |
| EMail_Subject | Subject of the e–mail message. |

| | |
|---|---|
| Attach | Populates parent records with original filenames of all attached records, separated by semi-colons. |
| Filename | Original filename of native file. Contains subject of e–mail message for e–mail records. |
| DateCreated | Creation date of the native file. |
| TimeCreated | Creation time of the native file. |
| DateLastMod | Date the native file was last modified. |
| TimeLastMod | Time native file was last modified. |
| Title | Title field value extracted from the metadata of the native file. |
| Subject | Subject field value extracted from metadata of native file. |
| Author | Author field value pulled from metadata of the native file. |
| MD5Hash | Unique identifier, similar to a "fingerprint," extracted from all files imported via EDLoader. Uses 128–bit encryption. May be used for deduping purposes. |
| All Custodians | Displays textual value of all custodians in possession of native file. |
| NativePath | Full path to the native file contained on deliverable. |
| TextPath | Full path to the OCR/Extracted text file contained on deliverable. |

    d.    Each redaction on a Document should be completed using white or colored boxes that contain the word "Redacted" at the point of each redaction on each page of the redacted Document. The redacted image file should be produced along with OCR text of the redacted file. If metadata displayed in the imaged Document was redacted, then that metadata should be excluded from the load file.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents, such as, account statements, management account statements, business statements, or communications from 2013 to present evidencing or concerning payments received or made by Morsgate or the Morsgate Shareholders in respect of services provided by Parker Logistics Limited, Monline International Limited or Monline UK Limited to Morsgate and the terms on which such services were provided to Morsgate.

2. All documents such as share registers, nominee agreements, or communications evidencing the ownership or controlling mind(s) behind Monline UK Limited, Morsgate or the Morsgate Shareholders including but not limited to information about the basis on which each of the Morsgate Shareholders (and their respective shareholders) hold their interests therein and, to the extent such interest is held for a third party, the basis on which that interest is so held.

3. All documents dating from January 1, 2016 onwards evidencing or concerning the creation of Monline UK Limited and the transfer of assets and/or management responsibilities from Monline International Limited to Monline UK Limited.

4. All communications between January 1, 2016, and August 31, 2016, concerning the creation of Monline UK Limited.

5. All documents evidencing or concerning the Morsgate Agreement from 2013 to August 31, 2016, including, without limitation, any and all amendments, modifications, addenda, or other agreements intended to modify, add to, or supersede the rights, obligations or terms set forth in the Morsgate Agreement in any manner.

6. All communications between Beno Salem or the Salem Businesses with Morsgate International Limited from 2013 to August 31, 2016, concerning the Morsgate Agreement.

7. All communications between Beno Salem or the Salem Businesses with Parker Logistics Limited from January 1, 2013 to August 31, 2016 concerning the Morsgate Agreement.

8. All communications between Beno Salem or the Salem Businesses and Monline UK Limited from January 1, 2016, to present, concerning the Morsgate Agreement or any agreement on similar terms with any other company connected to the Salem Businesses.

9. All documents evidencing or concerning the transfer of any asset from Monline International Limited between March 1, 2016, and August 31, 2016.

10. All communications regarding the transfer of any asset from Monline International Limited to Monline UK Limited between March 16, 2016, and August 1, 2016.

11. All documents evidencing or concerning the operation of Monline UK Limited from August 1, 2016, to present.

12. All communications concerning the operation of Monline UK Limited from August 1, 2016, to present.

13. All documents and communications created between July 1, 2017 and March 31, 2021 concerning services provided by Monline UK Limited to Gestcom International Trading Offshore SAL/Gee Trading (Offshore) SAL, including but not limited to:

    a. All documents evidencing or concerning the nature of the services provided;

    b. All communications and documents evidencing or concerning the terms on which services were provided;

    c. All communications and documents evidencing or concerning any payments (howsoever comprised) for the services provided;

    d. All communications and documents evidencing the circumstances in which Monline UK ceased providing such services.

14. All documents and communications created from January 1, 2017 onwards evidencing or concerning the ownership of Gestcom International Trading Offshore SAL/GEE Trading (Offshore) SAL, including the ownership of the known shareholder thereof of which Beno Salem is himself a shareholder, BS Gestcom Holdings Corp.

15. All documents, such as, account statements, management account statements, business statements, income and expenditure records, organograms or share registers from 2013 to present evidencing the activities of or concerning each of the Salem Businesses, including but not limited to:

    a. All documents evidencing or concerning the present shareholding in Société Cobexim SARL, including *inter alia*, whether the original shareholders, Beno Salem and Halidou Daouda, continue to hold shares as nominees and, if yes, all documents evidencing or concerning who or what these shares are held for.

    b. All documents evidencing the internally reported turnover and expenditure of each of the Salem Businesses.

16. All documents evidencing any receipt of funds, directly or indirectly, by Gestcom International Trading Offshore SAL/GEE Trading (Offshore) SAL, in connection with, or as a result of, the provision of the Parker Services.