UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-mc-23186-KMM

*In re* Application of

MOUSSY SALEM,

      Applicant,

FOR AN ORDER TO TAKE DISCOVERY
PURSUANT TO 28 U.S.C. § 1782 FROM
BENO SALEM

_____/

## MOTION TO STAY PROCEEDINGS AND ALL COURT DEADLINES

Applicant Moussy Salem ("Moussy") hereby moves this Court for an order staying this Section 1782 proceeding, in advance of today's deadline for Moussy to file a response to Beno Salem's ("Beno") Motion to Dismiss and Opposition, pending the completion of separate proceedings in the United Kingdom to which Beno is a party. In his Motion to Dismiss, Beno himself requests a stay; this Motion will simply provide Beno part of the relief he seeks while the Intervening Action is resolved. In support of this Motion, Moussy states as follows:

### FACTUAL BACKGROUND

1. Moussy filed this Application for Judicial Assistance in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 on August 21, 2023. The Application seeks an order from the Court to take discovery from Beno in aid of proceedings pending before the High Court of Justice, Business & Property Courts of England and Wales, Business List (ChD) (the "English Proceedings").

2. On January 26, 2024, Beno filed his Motion to Dismiss or Stay Moussy Salem's Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 and For Entitlement to Fees and Costs. (Dkt. 30.) Therein, Beno requested a stay of this Section 1782 proceeding.

11101299 v1

CASE NO.: 1:23-mc-23186-KMM

3. Moussy's response to Beno's pending Motion to Dismiss and reply to Beno's Opposition to the Application are due today.

4. Earlier this month, Moussy applied to lift a stay in respect of separate proceedings in the United Kingdom to which Beno is a party (the "Intervening Action"). In connection with those proceedings, Moussy understands there is likely to be an exchange of information between Moussy and Beno that may impact the discovery being sought in this Section 1782 proceeding.

5. On March 13, 2024, counsel for Moussy reached out to counsel for Beno proposing to submit an agreed order with respect to Beno's pending request for a stay. Counsel for Beno declined to consent.

6. In the interest of judicial efficiency—and to avoid the Parties having to litigate, and Beno having to produce documents in, two separate proceedings—Moussy requests that the instant proceeding be stayed until the conclusion of the Intervening Action.

## ARGUMENT AND MEMORANDUM OF LAW

7. The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("[W]e stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities….").

8. Courts considering a motion to stay evaluate "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving

11101299 v1

2

party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *MAO-MSO Recovery II, LLC v. USAA Cas. Ins. Co.*, 2017 WL 6411099, *3 (S.D. Fla. Dec. 14, 2017) (internal quotation marks omitted).  Here, each of the factors weighs in favor of a stay of this proceeding.

9. First, this proceeding is in its early stages.  Beno recently filed his Motion to Dismiss and Stay, and Moussy has not yet filed his response.  Thereafter, the Motion will require additional briefing (a reply by Beno) and potentially oral argument.  If the Court grants Moussy's Application, there may be ancillary motion practice, including if any of the four defendants in the English Proceedings seek to intervene and quash or limit the Subpoena.

10. Further, a stay will not unduly prejudice or tactically disadvantage any of the Parties in any way.  Indeed, Beno has already moved for a stay of this proceeding; a stay will simply provide Beno the relief he seeks while the Intervening Action proceeds.

11. A stay will also simplify the issues in question and reduce the burden of this proceeding on the Parties and on the Court.  In connection with the Intervening Action, there is likely to be an exchange of information between Moussy and Beno that may impact the discovery being sought in this Section 1782 proceeding, and without the need for this Court's assistance.  Staying this proceeding will also avoid the Parties having to litigate two separate proceedings at once, and Beno having to produce documents in two separate matters.

WHEREFORE, based on the foregoing, Moussy respectfully requests that the Court enter an order staying the proceeding until the conclusion of the Intervening Action.

CASE NO.: 1:23-mc-23186-KMM

## CERTIFICATE OF CONFERRAL

I hereby certify that undersigned counsel conferred with Respondent's counsel regarding the relief sought in this Motion, and counsel declined to consent.

Respectfully submitted,

**FLASTER GREENBERG PC**
2255 Glades Road, Suite 324A
Boca Raton, FL 33431
Tel: (561) 961-4508

*/s/ Meghan C. Moore*
**Meghan C. Moore, Esq**.
Florida Bar No. 668958
Meghan.moore@flastergreenberg.com

Lauren Tabaksblat, Esq.
(*pro hac vice* forthcoming)
Tyler D. Purinton
(*pro hac vice* forthcoming)
Brown Rudnick LLP
7 Times Square
New York, NY 10036
Tel: 212-209-4800
Fax: 212-209-4801
ltabaksblat@brownrudnick.com

*Counsel for Applicant Moussy Salem*

11101299 v1

4

CASE NO.: 1:23-mc-23186-KMM

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Meghan C. Moore*

11101299 v1