IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| *In re* Application of<br><br>MOUSSY SALEM,<br><br>    Applicant,<br><br>FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782 FROM BENO SALEM | Case No. 1:23-cv-23186-KMM |

**BENO SALEM'S REPLY IN SUPPORT OF MOTION TO DISMISS
AND FOR ENTITLEMENT TO FEES AND COSTS**

I.  **PRELIMINARY STATEMENT**

Moussy Salem entered into a binding Settlement Agreement in 2016 which broadly and unambiguously barred him from bringing "any legal, arbitral, administrative, regulatory, or other action or proceedings," in relation to "*any* matter arising out of or related to or connected with the relationships between the Parties … in so far as [they] relate to the African Business." ECF No. 30-2 ("Settlement Agreement") §§ 1.1, 5.1 (emphasis added). The unmistakable intent of the Settlement Agreement's expansive language and express covenant not to sue was to effectuate a "full and final settlement" of these matters. *Id.* §§ 1.1, 2, 5.1. In flagrant breach of these terms, Moussy Salem now seeks to re-open these issues under the guise of discovery "for use" in foreign proceedings (the "English Case"). In reality, Moussy Salem seeks to misuse 28 U.S.C. § 1782 to improperly obtain information with no relevance to the English Case, in defiance of both the Settlement Agreement and an order by the English Court regarding the proper scope of discovery. The Application should be dismissed with prejudice.

Moreover, Moussy Salem began this improper course of conduct by bringing proceedings against Beno Salem in the Eastern District of New York, where Beno Salem does not reside and is not found. Beno Salem was forced to incur costs seeking dismissal of that proceeding on jurisdictional grounds. Recognizing the obvious defects in his original application, Moussy Salem voluntarily dismissed that application under Fed. R. Civ. P. 41(a) and filed an identical proceeding in this court. The costs incurred by Beno Salem as a result of Moussy Salem's careless filing and lack of proper diligence are recoverable under Fed. R. Civ. P. 41(d).

II.  **ARGUMENT**

The Application should be dismissed because it violates the parties' Settlement Agreement, which prohibits Moussy Salem from bringing proceedings against Beno Salem to re-open matters

1

that have already been conclusively resolved. Beno Salem is also entitled to an award of costs, including his attorneys' fees, incurred in the prior proceeding in New York.

### A.    The Application Seeks Discovery Which Pre-Dates the Settlement Agreement

Moussy Salem falsely claims that the Settlement Agreement only pertains to facts or conduct which existed on April 15, 2016 (*i.e.*, the date of the agreement), whereas the Application concerns the claims in the English Case, which "arise from the unlawful transfer of Monline International's assets to Monline UK … in August 2016." Opposition at 4-5. This argument is meritless. The Application expressly seeks discovery which *pre-dates* the Settlement Agreement. If, as Moussy Salem admits, the English Case on which his Section 1782 petition relies does not concern events during this timeframe, then ***there is no basis for taking discovery of them***.

Of the sixteen requests in the Proposed Subpoena, five requests specifically call for documents dating all the way back to ***January 2013***. *See* ECF No. 1-2 at Requests Nos. 1, 5, 6, 7, and 15. Another five requests specifically call for documents dating back to either January or March 2016. *See id.* at Requests Nos. 3, 4, 8, 9, 10. Two other requests have no date limitation at all. *See id.* at Requests Nos. 2, 16. For example, the Subpoena expressly seeks "[a]ll documents … from 2013 to present evidencing the activities of or concerning each of the Salem Businesses," which are defined to include thirteen of the African Businesses. *See id.* at Request No. 15; Definition No. 10. Ten of the thirteen "Salem Businesses" are not at issue in the English Case, and many of the other requests also seek information which go beyond the scope of discovery in the English Case. *See* Declaration of Martin Davies, ECF No. 29-3 at ¶¶ 4-11.

Moussy Salem makes no attempt to reconcile his arguments that the Settlement Agreement only applies to pre-April 2016 matters with the fact that his Application demands documents which go back more than ***three years*** earlier. Moussy Salem concedes that matters that existed on or before April 15, 2016 are subject to the Settlement Agreement. He does not deny that the

Application seeks discovery regarding the African Businesses (which are specifically referenced in the Settlement Agreement) from as early as *2013*. The Application should be dismissed because it seeks discovery on matters which are plainly covered by the Settlement Agreement.

### B. The Application Is a Proceeding Barred by the Covenant Not to Sue

The Settlement Agreement contains an express covenant not to sue, which bars Moussy Salem from "bring[ing] any Proceedings," meaning "any legal, arbitral, administrative, regulatory, or other action or proceedings," against Beno Salem "in relation to any Claims." Settlement Agreement §§ 1.1, 5.1. "Claims" are defined to include "any and all Liabilities arising from or related to or in connection with … any [] matter arising out of or related to or connected with the relationships between the Parties … in so far as those Liabilities relate to the African Business." *Id.* § 5.1. And "Liabilities" is defined to mean "any and all liabilities in respect of any existing … matter, fact, action, or inaction giving rise to any demand, liability, obligation, complaint, claim, counterclaim, … petition, [or] right of interest of any kind or any nature whatsoever[.]" *Id.* § 5.1.

This language could not be clearer or more comprehensive. The expansive, nested definitions in the Settlement Agreement encompass any legal proceedings of any kind that relate to the African Businesses. Moussy Salem seeks to avoid the plain meaning of the Settlement Agreement by asserting that he has not made a "claim against Beno" because he "does not assert 'any right'" or "make any 'demand'" against Beno Salem himself. Opposition at 6.

The prohibitions in the Settlement Agreement are much broader than Moussy Salem's argument presumes. Its terms bar Moussy Salem from "bring[ing] *any* Proceedings," meaning "*any* legal, arbitral, administrative, regulatory, or other action or proceedings," against Beno Salem "*in relation to* any Claims." Settlement Agreement §§ 1.1, 5.1 (emphasis added). If the parties had intended only to bar bringing "Claims" against Beno Salem, surely they would have said so. They

3

didn't. Instead, they agreed to much broader prohibitions against **any** form of proceeding, legal, administrative, or otherwise, against Beno Salem brought "in relation to" any Claim.

The Application plainly seeks relief *from* Beno Salem. Moussy Salem recognized that the Application and Subpoena would directly affect Beno Salem's interests, and that Beno Salem would have the legal right to oppose them. Accordingly, Moussy Salem filed a Motion for Issuance of Summons and served Beno Salem with a copy of the Application for the express purpose of giving Beno Salem "an opportunity to respond to the Application." ECF No. 1 at 2. Moussy Salem also specifically identified Beno Salem as the "Respondent" in these proceedings. *See* ECF No. 4 at 3, ECF No. 16 at 1. The Subpoena, if issued, would be a "demand" for discovery from Beno Salem. If Beno Salem failed to comply with the Subpoena, Moussy Salem could then file a motion against Beno Salem to compel his compliance, which would be the assertion of a "right" to that discovery. The Application, which seeks a court order authorizing the issuance of the Subpoena, is in both legal effect and purpose a "proceeding" against Beno Salem, under any definition.[1]

The parties expressly agreed "damages are not an adequate remedy" for the issuance of proceedings in breach of the Settlement Agreement, and that "injunctive or similar relief is appropriate to restrain that breach." Settlement Agreement § 5.4. Given the strong public policy in favor of the enforcement of settlement agreements, "any consideration of a settlement agreement must commence with an understanding that compromise of disputed claims is favored by the Court and will be enforced if at all possible." *In re Managed Care Litigation*, No. 00-MD-1334, 2010 WL 6532982, at *13 (S.D. Fla. Aug. 15, 2010) (internal quotations and citations omitted), report and recommendation adopted, 2011 WL 1522561 (Mar. 8, 2011). The Settlement Agreement was clearly intended to preclude proceedings like this one, and the Application should be dismissed.

---

[1] Black's Law Dictionary expressly defines a "proceeding" to include "[a]n act or step that is part of a larger action."

### C. Beno Salem Is Entitled to Fees and Costs Under Rule 41(d)

Moussy Salem does not contest that he "previously dismissed an action" and then "file[d] an action based on or including the same claim against the same defendant," as contemplated by Fed. R. Civ. P. 41(d). Instead, Moussy Salem argues that Beno Salem's motion for costs is premature, that Beno Salem's attorneys' fees are not recoverable as costs, and that Beno Salem has not been prejudiced by Moussy Salem's conduct. Each of these arguments fail.

First, Rule 41(d) motions can certainly be brought and decided before the underlying case has been resolved. Indeed, the rule expressly provides a court may "stay the proceedings until the plaintiff has complied" with an order to pay the costs of the previous action, a provision which would be rendered meaningless if any such motion were "premature and improper when brought before resolution of the instant action." *Compare* Fed. R. Civ. P. 41(d) *with* Opposition at 10.

The cases cited by Moussy Salem are not to the contrary. In *4539 Pinetree LLC v. Certain Underwriters at Lloyd's London*, the magistrate judge recommended that a Rule 41(d) motion be denied without prejudice because the court could not "determine what portion of the work, if any, that counsel for Defendant performed in the Prior Action also contributed to its defense in *this* action," given that the litigation was ongoing and "Defendant decline[d] to file its timesheets given the pendency of the case." No. 22-cv-22901, 2023 WL 4933149, at *1 (S.D. Fla. July 18, 2023). In *USA Entertainment Group, Inc. v. City of Pompano Beach*, the court agreed that the defendant was entitled to costs, and deferred its ruling as to the *amount* of attorneys' fees because the award might be "offset by any award to the Plaintiff," and the Court would be "in the best position to determine an award upon the resolution of the instant matter" because time spent in the prior action would "certainly be helpful toward defending this lawsuit where the identical legal and factual issues are presented." No. 18-cv-62740, 2019 WL 498743, at *3 (S.D. Fla. Feb. 8, 2019).

None of these considerations are relevant here. Should this Court rule that Beno Salem is entitled to relief under Rule 41(d), Beno Salem is prepared to submit documentation detailing the attorneys' fees he incurred in defending against the improperly-filed New York action. As Moussy Salem acknowledges, Beno Salem filed limited submissions in that case. Opposition at 12. Those submissions almost exclusively concerned jurisdictional issues which are not relevant here, *i.e.*, (i) whether Beno Salem resides or is found in the district as required by Section 1782, (ii) whether the subpoena called for compliance outside of the 100-mile range allowed by Fed. R. Civ. P. 45(c), and (iii) forum non conveniens. None of the work relating to those issues will be helpful in this action, and the amount of fees associated with that work can be readily ascertained without waiting until the resolution of this action. *See, e.g., Monterey at Malibu Bay Condominium Association, Inc. v. Empire Indemnity Insurance Co.*, No. 20-cv-24587, 2021 WL 603032, at *2, *5 (granting Rule 41(d) motion which was filed 38 days after the re-filing of an action, and ordering defendant to "submit documentation establishing the reasonable attorneys' fees and taxable costs incurred during the [prior] proceedings").

Second, it is clear that attorneys' fees are recoverable costs under Rule 41(d). *See, e.g., Monterey*, 2021 WL 603032, at *3; *Rodriguez v. Western World Ins. Co.*, No. 21-20032-CIV, 2021 WL 2666995, at *2 (S.D. Fla. May 11, 2021) ("'costs' have generally been interpreted to include attorneys' fees for the purposes of Rule 41(d)"); *USA Entertainment*, 2019 WL 498743, at *1 (same); *Wolf v. Pacific Nat. Bank, N.A.*, No. 09-21531-CIV, 2010 WL 1462298, at *2 (S.D. Fla. Mar. 18, 2010) ("Although the Rule on its face only uses the term 'costs,' and not 'fees,' it is reasonable to construe the Rule to include recovery of attorneys' fees given the definition of 'costs' in other Rules that make a distinction between costs and 'costs other than attorneys' fees.'").

Moussy Salem cites only one case in which a Florida district court held that attorneys' fees are only available as costs "when the underlying substantive statute so defines 'costs,'" and that case expressly acknowledged that the Eleventh Circuit has not ruled on this issue. *MSP Recovery Claims, Series LLC v. Northland Insurance Company*, 2021 WL 3410390, at *4-5 (S.D. Fla. Aug. 4, 2021). Florida district courts have "broad discretion to award costs pursuant to Rule 41(d)" and routinely grant such motions with no reference to any purported requirement that the underlying cause of action be based on a statute which defines costs to include attorneys' fees. *Rodriguez*, 2021 WL 2666995, at *2-3 (defendant was entitled to attorneys' fees in case involving breach of contract); *see also, e.g., Monterey*, 2021 WL 603032, at *3-4 (defendant was entitled to attorneys' fees in case involving claims for breach of contract and declaratory relief); *NF Import & Export, Inc. v. VIA MAT International AG*, No. 11-23371-CIV, 2012 WL 13013078, at *5 (S.D. Fla. Aug. 3, 2012) (defendant was entitled to attorneys' fees in case involving common law claims including breach of contract, fraudulent inducement, and negligent misrepresentation), report and recommendation adopted, 2012 WL 13013236 (S.D. Fla. Sep. 25, 2012).

Finally, an award of fees and costs under Rule 41(d) is appropriate because Beno Salem has been prejudiced by Moussy Salem's conduct. "A showing of bad faith is *not* required to recover costs under the rule." *Monterey*, 2021 WL 603032 at *3 (emphasis added). It is certainly true that "a plaintiff's decision to refile an action in another court rather than respond to a motion to dismiss for lack of personal jurisdiction may be evidence of vexatious conduct" which would support an award of fees. *Groom v. Bank of America*, No. 08-cv-2567, 2010 WL 627564, at *7 (M.D. Fla. Feb. 23, 2010). But Moussy Salem's motivations are ultimately beside the point, because Florida district courts routinely recognize that Rule 41(d) permits a party to recover costs "incurred [] in

7

the prior action that will not be useful in the newly filed litigation," such as "the cost of preparing motions that were only useful in the original action." *Monterey*, 2021 WL 603032 at *3-4 & n.7.

Even in the absence of bad faith, "an award of attorney's fees is appropriate to the [] extent that [the] decision [to refile an action] caused the Defendant to incur additional fees." *NF Import & Export*, 2012 WL 13013078 at *5. Moussy Salem downplays the costs incurred by Beno Salem in responding to the New York action as "minimal," arguing that Beno Salem "filed only one eight-page motion to quash and three short declarations totaling six pages." Opposition at 12. But those costs are still recoverable. Even though the previously-filed action in *NF Import & Export* "was only pending in state court for seventy-one days and no discovery had been conducted," an award of attorneys' fees under Rule 41(d) was appropriate because "there is no reason why the Defendant should have incurred unnecessary attorney's fees due to the Plaintiff's decision to change the forum in which it litigated this matter." *Id.* at *5.

Moussy Salem also argues that "a significant amount of that work is recycled in Beno's opposition to the instant proceedings *with respect to his contention that the English Court previously rejected the requested discovery*." Opposition at 12 (emphasis added). Even if that were the case, less than a quarter of the pages in Beno Salem's motion to quash addressed the argument that the discovery was denied in the English Court. Out of the three declarations that were filed in New York, only one concerned the issues in the English Case. Moussy Salem does not dispute that none of the work relating to the jurisdictional issues in the New York action can be re-used here. The costs of that work are recoverable under Rule 41(d).

Additionally, the Settlement Agreement expressly provides that if Moussy Salem brings proceedings against Beno Salem in violation of the covenant not to sue, Moussy Salem shall indemnify Beno Salem for *all* of "the costs (including, without limitation, legal costs), losses,

8

liabilities, expenses and payments incurred or made in connection with" with those proceedings. Settlement Agreement § 5.5. Once this matter is otherwise concluded, Beno Salem intends to seek recovery of all such costs, including his attorneys' fees in this action. In the meantime, Beno Salem is plainly entitled to recover his costs and attorneys' fees "incurred [] in the prior action that will not be useful in the newly filed litigation." *Monterey*, 2021 WL 603032 at *3.

### III. CONCLUSION

For all of the foregoing reasons, as well as those set forth in Beno Salem's opening motion, Beno Salem respectfully requests that this Court enter an order dismissing the Application in its entirety, finding that Beno Salem is entitled to an award of attorneys' fees and costs incurred in the prior action that will not be useful in the present litigation, and granting Beno Salem leave to file a separate motion, with supporting documentation, to set the amount of such award.

In the event that the Application is not dismissed in its entirety, Beno Salem respectfully requests that this Court instead stay the instant proceeding until Moussy Salem certifies that the amount of Beno Salem's costs have been paid to Beno Salem.

| | |
|---|---|
| Dated: April 5, 2024<br>New York, New York | STEPTOE LLP<br><br>By: /s/ *Nathaniel J. Kritzer*<br><br>Nathaniel J. Kritzer [*]<br>Jason E. Meade [*]<br>1114 Avenue of the Americas<br>New York, New York 10036<br>Tel: (212) 506-3900<br>Fax: (212) 506-3950<br>nkritzer@steptoe.com<br>jmeade@steptoe.com<br><br>Elise Haverman<br>Florida Bar No. 1003004<br>1330 Connecticut Avenue, NW<br>Washington, DC 20036<br>Tel: (202) 429-8000<br>Fax: (202) 429-3902<br>ehaverman@steptoe.com<br><br>*Counsel for Beno Salem*<br><br>[*] Admitted *pro hac vice* |

**CERTIFICATE OF SERVICE**

I here by certify that on April 5, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Nathaniel J. Kritzer*
Nathanial J. Kritzer