## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-23186-KMM

*In re* Application of

MOUSSY SALEM,

Applicant,

FOR AN ORDER TO TAKE DISCOVERY
PURSUANT TO 28 U.S.C. § 1782 FROM
BENO SALEM

_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Applicant Moussy Salem's ("Applicant") Application for Assistance in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782, (the "Application" or "App.") (ECF No. 1), and Respondent Beno Salem's ("Respondent") Motion to Dismiss or Stay the Application and for Entitlement to Fees and Costs, (the "Motion" or "Mot.") (ECF No. 30). The Court referred this matter to the Honorable Marty Fulgueira Elfenbein, United States Magistrate Judge, to take all necessary and proper action as required by law and/or to issue a Report and Recommendation. (ECF No. 43). On August 28, 2024, Magistrate Judge Elfenbein issued a Report and Recommendation, ("R&R") (ECF No. 79), recommending that the Application be GRANTED and the Motion be DENIED. *See* R&R at 18, 27. Respondent objected to the R&R. ("Objs.") ("ECF No. 80"). Applicant filed a response. ("Resp.") (ECF No. 81). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

I.  **BACKGROUND**

This case concerns an Application seeking the Court's assistance in obtaining discovery from Respondent in aid of litigation proceedings in the United Kingdom (the "English Proceedings"). R&R at 2; (ECF No. 4) at 7–8. Applicant and Respondent are members of the Salem family, who operate a trading business in West Africa (the "African Businesses"). *Id.* According to Applicant, starting in 2013, branches of the Salem family, including Respondent (who is Applicant's uncle), excluded Applicant from "activities associated with running the African Businesses." *Id.* In the English Proceedings, Applicant alleges that in 2016, Applicant's other uncle, Freddy Salem ("Freddy"), wrongly misappropriated a logistics agreement, a "core asset" for the African Businesses, out of Applicant's reach. R&R at 3; (ECF No. 4) at 4–5. According to Applicant, Respondent likely has "critical documents" and "detailed information" regarding the operations of the African Businesses, as they relate to the underlying claims in the English Proceedings. *Id.*

To obtain the relevant documents, Applicant first filed a § 1782 Application in the Eastern District of New York because he believed Respondent resided in that district (the "New York Application"). *See* (ECF No. 4) at 14. The court granted the Application, but Respondent filed a motion to quash because he resides in Sunny Isles Beach, Florida. *See id.* at 14–15. Based on Respondent's declaration that he resides in South Florida, Applicant voluntarily dismissed the New York Application, (ECF No. 4) at 15, and filed this action. *See* App.

In the Application, Applicant contends that he both "meets the four statutory requirements" in § 1782 and "satisfies the four discretionary factors annunciated by the

Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004)." *See* App. at 1. Applicant also noted that "service is not required under" § 1782 but that, because Respondent knew about Applicant's attempts to obtain discovery from him, Applicant would "take every effort to serve him with" the Application and "afford" him "an opportunity to timely respond to" it. *See id.* at 2.

Respondent filed a response in opposition to the Application, arguing the Application should be denied because it violates the terms of an April 2016 settlement agreement between Applicant, Respondent, and Freddy (among others) that contains a "covenant not to sue" (the "Settlement Agreement"). *See* (ECF No. 29) at 1–6. Respondent also argues that the Application "improperly seeks discovery that has already been denied in the underlying English Proceedings." *See id.* at 1–3, 6–9. Respondent further filed the Motion seeking to dismiss the Application again arguing the Application should be denied because it breaches the Settlement Agreement. *See generally* Mot. Respondent alternatively argues that, "if the Application is not dismissed in its entirety," the Court should stay it under Federal Rule of Civil Procedure 41(d) until Applicant pays Respondent the costs he incurred in connection with the New York Application. *See* Mot. at 2, 7–13.

Magistrate Judge Elfenbein held a combined hearing on the Application and the Motion. *See* (ECF Nos. 74, 78). As set forth in the R&R, Magistrate Judge Elfenbein recommends that the Court grant the Application, deny the Motion to Dismiss, and deny Respondent's alternative request to stay and for fees and costs associated with the prior New York Application. *See generally* R&R. Respondent objects to Magistrate Judge Elfenbein's findings. (ECF No. 80).

## II. LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Yet when a party has failed to object or has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

## III. DISCUSSION

In the R&R, Magistrate Judge Elfenbein first finds that the Motion should be denied because: (1) the Settlement Agreement containing a covenant not to sue does not divest the Court of subject matter jurisdiction to decide the Application and the Motion pursuant to Federal Rule of Civil Procedure 12(b)(1); (2) alternatively, under a Federal Rule of Civil Procedure 12(b)(6) standard, the Court cannot analyze the Settlement agreement "beyond

4

the pleadings" on a motion to dismiss; and (3) even if it could, the plain text of the Settlement Agreement, which defines "Claims" and "Litigation" broadly does not extend to a § 1782 application, "a purely evidentiary proceeding." *See generally* R&R. Next, with respect to the Application, Magistrate Judge Elfenbein finds that it satisfies all of the statutory requirements, the *Intel* discretionary factors, and the policies underlying § 1782. *See* R&R at 18–27. Lastly, Magistrate Judge Elfenbein finds that Respondent's Motion for Stay and Costs Under Fed. R. Civ. P. 41(d) should be denied because in the Court's discretion, the costs are not warranted. *See* R&R at 28–29.

Respondent objects to the R&R, arguing that: (1) the R&R fails to enforce the broad terms and definitions in the Settlement Agreement's covenant not to sue; (2) the R&R's procedural justifications for denying the Motion are insufficient; (3) the R&R erroneously requires Respondent to complete a full review of his documents to establish undue burden under the fourth *Intel* factor; and (4) the R&R incorrectly interprets the English Court's determination regarding discovery related to the African Business under the second and third *Intel* factors. *See generally* Objs. The Court takes each of Magistrate Judge Elfenbein's findings, and Respondent's corresponding objections, in turn.

### A. Respondent's Motion to Dismiss

The Court first addresses Respondent's Motion to Dismiss. Respondent maintains that the case should be dismissed based on a "covenant not to sue" provision in the Settlement Agreement.[1] *See generally* Mot. In concluding that the Motion should be

---

[1] Respondent filed the Motion under Fed. R. Civ. P. 12(b)(1) for "lack of subject-matter jurisdiction." *See* Fed. R. Civ. P. 12(b)(1); Mot. at 4 (arguing that the Settlement Agreement's covenant not to sue divests this Court of subject matter jurisdiction). Following the Parties' arguments at a hearing before Magistrate Judge Elfenbein, the R&R

5

denied, Magistrate Judge Elfenbein assesses (1) whether the Settlement Agreement divests the Court of subject-matter jurisdiction, (2) whether the Court can even review the Settlement Agreement on a motion to dismiss, and (3) even if the Court could review the Settlement Agreement, whether the covenant applies in this instance. *See* R&R at 12–18.

    *i.*    *Subject-Matter Jurisdiction*

Beginning with the question of whether the Court has subject-matter jurisdiction over this matter, § 1782 unambiguously confers district courts "authority to grant an application for judicial assistance." *See* 28 U.S.C. § 1782(a). Magistrate Judge Elfenbein thus concludes that Rule 12(b)(1) provides no basis to dismiss under a covenant not to sue. *See* R&R at 6, 12.

Respondent objects, citing to two patent infringement cases from this district, which provide that "[a]n unconditional promise not to sue by one party onto another divests a trial court of subject matter jurisdiction." *Patent Licensing and Investment Co., LLC v. Green Jets Inc.*, No. 11-80689-CIV, 2012 WL 13019189, at *1 (S.D. Fla. May 9, 2012); *see also PayRange, Inc. v. KioSoft Technologies*, No. 20-cv-24342, 2022 WL 823885, at *7 (S.D. Fla. Mar. 18, 2022). However, as the R&R provides, this "jurisdiction-stripping" principle does not apply outside of the patent infringement context. R&R at 11. Specifically, a covenant not to sue strips the court of subject-matter jurisdiction in the patent infringement context because such claims proceed under the Declaratory Judgment Act, where subject matter jurisdiction "depends upon the existence of 'a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy

---

alternatively analyzed Respondent's Motion under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. R&R at 13.

and reality to warrant the issuance of a declaratory judgment.'" *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1345 (Fed. Cir. 2010) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

The same is not true in a § 1782 application context. As Magistrate Judge Elfenbein asserts, a party's breach of contract not to sue is no different than the breach of any other contract provision—subjecting the parties to the same dangers associated with breaching any other contract provision. *In re W.B. Care Ctr., LLC*, 419 B.R. 62, 73 (Bankr. S.D. Fla. 2009) ("A covenant not to sue constitutes a promise not to sue a party on a claim, but does not modify or extinguish the claim itself."). Respondent has not provided a single case outside of the patent-invalidity context where a claim was dismissed on jurisdictional grounds based on a covenant not to sue. Accordingly, Respondent's objection is overruled.

  *ii.*  *Failure to State a Claim*

The Court next turns to the question of whether the Motion should be denied under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Magistrate Judge Elfenbein recommends that the Motion should be denied on these grounds for two reasons. *See* R&R at 13.

First, the R&R provides that Rule 12(b)(6) motions generally "can't go beyond the pleadings" and a district court must convert a motion to dismiss into a motion for summary judgment if it considers materials outside of the complaint, unless the material is "central to the plaintiff's claim." R&R at 13; *see, e.g.*, *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005). Accordingly, Magistrate Judge Elfenbein assesses the question of whether the Settlement Agreement is "central to the plaintiff's claim." R&R at 13. The R&R notes that the Settlement Agreement resolves earlier litigation between Applicant,

7

Respondent, Freddy, and other members of the Salem family. *Id.* The Application, on the other hand, concerns discovery related to the management and profits from the African Businesses for claims in the English Proceedings, wholly separate from the litigation at issue in the Settlement Agreement. *Id.* at 14. Magistrate Judge Elfenbein concludes that given the Settlement Agreement is not "central to the plaintiff's claim," it would be improper to review the Settlement Agreement at a motion to dismiss phase. *Id.* The Court agrees.

Second, Magistrate Judge Elfenbein finds that even if the Court were to review the Settlement Agreement, dismissal is still not warranted. R&R at 16. The R&R evaluates the Settlement Agreement's "covenant not to sue," which provides, in relevant part, that Applicant agreed he would not "bring any **Proceedings** in England and Wales or in any other jurisdiction against" Respondent "in relation to any **Claims** or otherwise assert a Claim against" Respondent. (ECF No. 44-1) at 12, § 5.1 (emphasis added)). Magistrate Judge Elfenbein highlights that the definition section of the Settlement Agreement defines "Proceedings" to mean "any legal, arbitral, administrative, regulatory or other action or proceedings," *id.* at 10, § 1.1, and, it defines "Claims" to mean "any and all claims relating to any and all **Liabilities** arising from or related to or in connection with . . . the relationships between the Parties, but only . . . in so far as those Liabilities relate to the African Business," *id.* at 7, § 1.1 (emphasis added). It further defines "Liabilities" to mean:

> any and all liabilities in respect of any **existing (as at the date of this Settlement [Agreement])** matter, fact, action or inaction giving rise to any demand, liability, obligation, complaint, claim, counterclaim, right of set-off, right to net, indemnity, right of contribution, cause of action (including, without limitation, in negligence), administrative or regulatory claim or infraction, petition, right or interest of any kind or nature whatsoever, whether in law or equity, direct or indirect, joint or several, foreseen or unforeseen, contingent or actual, accrued or unaccrued,

8

>liquidated or unliquidated, known or unknown, disclosed or undisclosed, suspected or unsuspected, howsoever arising in whatever capacity and jurisdiction.

*Id.* at 10, § 1.1 (emphasis added).

Magistrate Judge Elfenbein emphasizes that although the Settlement Agreement's definitions of "Claims" and "Liabilities" are broad, an application for discovery under § 1782 is "not a claim in the traditional sense." R&R at 16. Rather, it is a "purely evidentiary proceeding and thus unlike most litigation." *United States v. Zubaydah*, 595 U.S. 195, 214 (2022). Most notably, the R&R explains that neither the claims in the English Proceedings, nor the Application, existed as of the date of the Settlement Agreement. R&R at 17–18. And the action contemplated in the English Proceedings, the unlawful transfer of assets, allegedly took place on June 7, 2016, two months after the Settlement Agreement took effect. *Id.* Magistrate Judge Elfenbein concludes that under its own terms, the Settlement Agreement does not apply to the Application and cannot be a basis for dismissing it. *Id.* at 17.

Respondent raises several objections to the R&R's interpretation of the Settlement Agreement. *See* Objs. at 8–10. First, Respondent contends that the R&R's interpretation of the Settlement Agreement errs by limiting the type of proceeding to which the covenant applies. *Id.* at 8. According to Respondent, because this § 1782 proceeding involved "legal process against Respondent, seeking issuance of subpoenas to compel Respondent to produce documents and testify at a deposition," it thus constitutes a barred "Proceeding" under the Agreement. *Id.* at 8–9. The Court disagrees.

Although the covenant not to sue bars "Proceedings" brought "in relation to any "Claims," a § 1782 proceeding is distinguishable from the types of Proceedings contemplated in the Settlement Agreement. R&R at 17 (citing *Zubaydah*, 595 U.S. at 214).

9

Notably, of the fifteen types of contemplated relief listed under the definition of "Liabilities," "discovery requests" is omitted. Resp. at 13. Indeed, a § 1782 application is not adverse to any party, as in a typical litigation, nor does Applicant allege any claims against Respondent (neither here, nor in the English Proceedings). *Id.* For that reason, § 1782 applications are routinely filed and granted *ex parte*. *See id.* (citing *Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1266-67 (11th Cir. 2014)). That Applicant voluntarily served Respondent with the Application, cannot render this proceeding barred by the Settlement Agreement. Accordingly, this objection is overruled.

Respondent next objects to Magistrate Judge Elfenbein's interpretation of the Settlement Agreement finding that the "action or inaction giving rise to" Moussy's claims in the English Proceedings did not "exist" or did not "accrue," when the Agreement was executed on April 15, 2016, and thus the Settlement Agreement holds no bearing on the Application. Objs. at 9–11. Respondent contends that the Settlement Agreement's definition of "Liabilities" clearly and broadly also applies to unaccrued liabilities. *Id.* at 9. Respondent provides that nowhere in the definition of "Liability" is there a requirement that it be an accrued liability—to the contrary, the language specifically applies to "unaccrued" rights and thus the fact that the alleged unlawful transfer occurred after the Settlement Agreement is irrelevant. *Id.* Respondent further asserts that the Application seeks discovery requests pre-dating the Settlement Agreement, furthering his conclusion that the Settlement Agreement applies. *Id.* at 10.

The Court is unpersuaded by Respondent's application of the Settlement Agreement to the context of the English Proceedings. The R&R addresses this objection

10

by demonstrating that the action, which created an enforceable right—the alleged unlawful transfer— did not exist until after of the effective date of the Settlement Agreement. R&R at 18. Put simply, Respondent's position, barring any claims after the effective date of the Settlement Agreement, would "immunize him from any claims related to the African Businesses until the end of time" leaving Applicant with no recourse under any contract entered into before April 2016. Resp. at 12. Moreover, seeking discovery pre-dating the existence of the alleged unlawful transfer holds no bearing on the language of the Settlement Agreement, where such discovery related to historical revenues and operations is relevant to the underling claims of the English Proceedings. This objection is overruled.

Accordingly, the Court adopts Magistrate Judge Elfenbein's findings that Respondent's grounds for dismissal pursuant to Rule 12(b)(1) and Rule 12(b)(6) are unwarranted. Thus, Respondent's Motion to Dismiss is denied.

### B. The § 1782 Application

Magistrate Judge Elfenbein next recommends that the Application be granted because it (1) satisfies the appropriate statutory requirements, and (2) meets the discretionary *Intel* factors prescribed by the Supreme Court. R&R at 18–27.

As to the statutory factors, "[a] district court has the authority to grant an application for judicial assistance if the following statutory requirements in § 1782(a) are met: (1) the request must be made 'by a foreign or international tribunal,' or by 'any interested person'; (2) the request must seek evidence, whether it be the 'testimony or statement' of a person or the production of 'a document or other thing'; (3) the evidence must be 'for use in a proceeding in a foreign or international tribunal'; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application

for assistance." *In re Clerici*, 481 F.3d 1324, 1331–32 (11th Cir. 2007) (footnote omitted) (quoting § 1782(a)).  In the R&R, Magistrate Judge Elfenbein concludes, and Respondent does not dispute, that each of the statutory factors has been met.  The Court agrees.

Once the statutory requirements are satisfied, the second step is to assess the discretionary factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  "[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so."  *In re Clerici*, 481 F.3d 1324, 1334 (11th Cir. 2007) (internal quotation marks omitted) (quoting *Intel*, 542 U.S. at 264). The Eleventh Circuit has described the *Intel* factors as follows:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid is generally not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country of the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome."

*Id*. (quoting *Intel*, 542 U.S. at 264–65).

The first factor is indisputably satisfied.  Respondent is not a participant in the English Proceedings—only Applicant, Freddy, the relevant companies in the African Businesses, and two non-Salem directors are participants.  *See* App. at 3–9.

Under the second factor, the R&R provides that the "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance" all suggest that the Application should be granted.  *See Intel*, 542 U.S. at 264; *In re Clerici*, 481 F.3d at 1334.  Magistrate Judge Elfenbein notes that the English Court uses an

adversary proceeding like that of the United States, and in the English Proceedings, discovery is permitted.  R&R at 22.

Under the third factor, the R&R provides that the Application does not "conceal[] an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *See Intel*, 542 U.S. at 265; *In re Clerici*, 481 F.3d at 1334. Under similar reasoning to the second factor, Magistrate Judge Elfenbein provides that English courts are generally receptive to evidence gathered through § 1782 proceedings. R&R at 24; *see, also In re Novoship (UK) Ltd.*, No. 20-60876-MC, 2020 WL 3286308, at *3 (S.D. Fla. June 18, 2020) ("[T]here is no indication that the courts of the United Kingdom would be unreceptive to American evidence and, in fact, § 1782 is routinely used to obtain evidence for proceedings in that country.").

Respondent objects to each of these findings, arguing that there is evidence the English Court would reject the discovery Applicant seeks because it has already determined that "discovery concerning the African Business is not relevant to the claims at issue in the English Proceedings." Objs. at 13.  Respondent cites to an order dated July 19, 2023 concerning discovery requests in the English Proceedings and states that the "English Court rejected Applicant's attempt to expand discovery in the English Proceedings." *Id.* at 14.  Respondent likens the Court granting this Application to "a violation of internal comity." *Id.* at 14.

However, this is a complete mischaracterization of the English Court's ruling.  As Magistrate Judge Elfenbein details, the English Court recognized the relevance of certain discovery to the African Businesses, while cutting certain disclosure requests due to its "sheer breadth" and "its overlap in scope with other approved disclosure issues." R&R at

23 (citing *In re Salem*, 2024 WL 3026670, at *12). This Court joins two other district courts in rejecting Respondent's contention that the English Court disavowed the same discovery request Applicant seeks here. *See In re Salem*, 2024 WL 3026670, at *12 (S.D.N.Y. June 17, 2024) ("Far from announcing a blanket prohibition on all discovery related to the African Businesses, the English Court appeared to recognize the relevance of discovery related to the African Businesses' trading activity. . . . The suggestion that the English Court . . . deemed irrelevant *all* disclosure concerning the African Businesses is, at best, misguided."); *In re Salem*, 2024 WL 3249355, at *2 (D. Conn. July 1, 2024) (holding the English Court "did not rule that all discovery into the African Businesses is irrelevant").

Furthermore, notwithstanding the English Court's ruling on previous discovery requests, the law is clear that "nothing in the text of § 1782 limits a district court's production-order authority to materials that could be discovered in the foreign jurisdiction if the materials were located there." *Intel*, 542 U.S., at 260; *see also In re Clerici*, 481 F.3d 1324, 1333 n.12 (11th Cir. 2007) ("§ 1782 does not impose a foreign-discoverability requirement."). Accordingly, Respondent's objection at to the second and third *Intel* factors is overruled.

Lastly, Magistrate Judge Elfenbein finds that Applicant's request is not unduly intrusive or burdensome. *See Intel*, 542 U.S. at 265; *In re Clerici*, 481 F.3d at 1334. The R&R provides that Respondent "has not adequately and specifically explained how the requested discovery would be unduly intrusive or burdensome." R&R at 25. The R&R states that "without any substantive information from Respondent about the number of potentially responsive documents, the number of hours it would take to produce the

documents, the expense associated with the production, or any other tangible information beyond boilerplate objections, the Court's ability to analyze the fourth *Intel* factor is limited to the requests themselves." *Id.*

Respondent objects, arguing that Magistrate Judge Elfenbein "applied an unreasonable standard" that would require him to "complete a full review of his documents to establish undue burden." Objs. at 12–13. Respondent contends that the Court's reasoning would require any party opposing discovery in a §1782 proceeding on burden grounds to do a full-scale review of all documents, relevant or irrelevant, responsive or non-responsive, and undertake the entire cost and effort, in order for a court to evaluate whether requests are "unduly intrusive and burdensome." *Id.* at 12. However, in arguing that it would be unduly burdensome to assess whether the request itself is unduly burdensome, Respondent fails to provide any tangible information that would allow the Court to adequately evaluate the fourth factor. As Magistrate Judge Elfenbein details, the materials sought, which relate to documents and testimony about the "value, profits, and transfer of the logistics agreement" are relevant to Applicant's claims in the English Proceedings. R&R at 26. Nor does Respondent demonstrate that such requests are not proportional to Applicant's needs.

Accordingly, Respondent's objections regarding the *Intel* factors are overruled, and the Court finds that such factors weigh in favor of granting the § 1782 Application.

**C. Motion for Stay and Costs Under Fed. R. Civ. P. 41(d)**

Finally, the R&R addresses Respondent's requested alternative relief, that if the Application is not dismissed, that Applicant be directed under Federal Rule of Civil Procedure 41(d) to pay the costs Respondent incurred in connection with the New York

15

Application, and that the Court stay the Application until such costs are paid. Mot. at 2. Rule 41(d) authorizes the Court to award costs (and impose a stay) against a party who previously dismissed an action and then files another action "including the same claim against the same" opposing party, but whether to award Rule 41(d) costs is left to the Court's discretion. *See Marino v. Broward Sheriff's Off.*, No. 20-CV-60980, 2021 WL 9563808, at *1 (S.D. Fla. Jan. 29, 2021). Here, Magistrate Judge Elfenbein concludes that such costs are not warranted because (1) Applicant had a reasonable belief that Respondent resided in the Eastern District of New York and there is no indication Applicant acted in bad faith, (2) Applicant immediately halted its New York Application when he discovered Respondent resided in Florida, and (3) Respondent's only pertinent expense with respect to the New York Application is one motion to quash the subpoena. *See* R&R at 27–28. Respondent does not object to this finding, and the Court finds no clear error. Accordingly, the Motion for Stay and Costs Under Fed. R. Civ. P. 41(d) is denied.

### IV.  CONCLUSION

Accordingly, UPON CONSIDERATION of the Application, the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Report and Recommendation (ECF No. 79) is ADOPTED. Respondent's Motion to Dismiss or Stay Application

for Judicial Assistance (ECF No. 30) is DENIED.  The Application for Assistance in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 (ECF No. 1) is GRANTED.  The Court reserves jurisdiction to enter further orders that are necessary and proper to enforce this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this __27th__ day of September, 2024.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE