UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-mc-23186-KMM

*In re* Application of

MOUSSY SALEM,

      Applicant,

FOR AN ORDER TO TAKE DISCOVERY
PURSUANT TO 28 U.S.C. § 1782
FROM BENO SALEM

_____/

**APPLICANT MOUSSY SALEM'S OPPOSITION TO BENO SALEM'S MOTION
TO STAY LITIGATION PENDING APPEAL AND CROSS-MOTION TO COMPEL
PRODUCTION IN ACCORDANCE WITH SEPTEMBER 27, 2024 ORDER
<u>AND FOR ATTORNEYS' FEES AND COSTS</u>**

**FLASTER GREENBERG PC**
2255 Glades Road, Suite 324A
Boca Raton, FL 33431
Tel: (561) 961-4508
Meghan C. Moore, Esq.
Florida Bar No. 668958
Nichole A. Josephy, Esq.
Florida Bar No. 124492
Meghan.moore@flastergreenberg.com
Nicole.josephy@flastergreenberg.com

**BROWN RUDNICK, LLP**
7 Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Lauren Tabaksblat, Esq. (*pro hac vice*)
Tyler D. Purinton, Esq. (*pro hac vice*)
ltabaksblat@brownrudnick.com
tpurinton@brownrudnick.com

*Attorneys for Applicant Moussy Salem*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...............................................................................................1

FACTUAL BACKGROUND ................................................................................................3

ARGUMENT IN OPPOSITION TO MOTION TO STAY ......................................................6

ARGUMENT ON CROSS-MOTION TO COMPEL AND FOR ATTORNEYS' FEES
AND EXPENSES .........................................................................................................12

   I.    THIS COURT HAS ALREADY SANCTIONED THE APPLICATION AND
REJECTED BENO'S OBJECTIONS. ...................................................................12

  II.    THE SUBPOENA HAS BEEN PROPERLY SERVED. ...........................................15

 III.   MOUSSY IS ENTITLED TO HIS ATTORNEYS' FEES AND EXPENSES.........18

CONCLUSION ...............................................................................................................19

# TABLE OF AUTHORITES

**Page(s)**

**Cases**

*Bales v. Bright Solar Mktg. LLC*,
    2022 WL 17718503 (M.D. Fla. Dec. 15, 2022) .................................................................. 8, 9

*Bank of N.Y. Mellon v. Figueroa*,
    299 So.3d 430 (Fla. Dist. Ct. App. 2019) ........................................................................ 10

*BG Strategic Advisors, LLC v. FreightHub, Inc.*,
    2023 WL 114864 (S.D. Fla. Jan. 6, 2023) ............................................................ 15, 16, 17

*Chevron Corp. v. Pichincha*,
    2013 WL 12061837 (S.D. Fla. Apr. 12, 2013) ................................................................ 12

*Church of Scientology of Cal. v. U.S.*,
    506 U.S. 9 (1992) ........................................................................................................ 9, 10

*Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*,
    747 F.3d 1262 (11th Cir. 2014) ...................................................................................... 13

*Cont'l Tech. Servs., Inc. v. Rockwell Int'l Corp.*,
    927 F.2d 1198 (11th Cir. 1991) ........................................................................................ 7

*Garcia-Mir v. Meese*,
    781 F.2d 1450 (11th Cir. 1986) ..................................................................................... 6, 7

*Harrison v. Prather*,
    404 F.2d 267 (5th Cir. 1968) .......................................................................................... 17

*In re Clerici*,
    481 F.3d 1324 (11th Cir. 2007) ........................................................................................ 7

*In re Consorcio Ecuatoriano de Telecomunicaciones S.A.*,
    2012 WL 13114035 (S.D. Fla. July 16, 2012) ................................................................. 15

*In re Furstenberg Finance SAS*,
    2018 WL 11256049 (S.D. Fla. June 11, 2018) ................................................................. 18

*In re Gonzalez*,
    2021 WL 9794644 (S.D. Fla. Dec. 16, 2021) ....................................................... 6, 7, 8, 10

*In re Gushlak*,
    2012 WL 1514824 (E.D.N.Y. Apr. 30, 2012) ................................................................ 8, 11

*In re Gyptec S.A.*,
  2017 WL 10978838 (S.D. Fla. Nov. 2, 2017)...................................................... 7, 8, 11

*In re Hornbeam Corp.*,
  2018 WL 7577226 (S.D. Fla. Sept. 21, 2018) .................................................... 12, 13

*In re Kidd*,
  2020 WL 3035960 (D. Conn. June 5, 2020)................................................................. 9

*In re Lopes*,
  2005 WL 8155907 (S.D. Fla. Sept. 23, 2005) ......................................................... 10

*In re MTS Bank*,
  2018 WL 1718685 (S.D. Fla. Mar. 16, 2018)...................................................... 15, 16

*In re Pons*,
  2020 WL 5355967 (S.D. Fla. Sept. 7, 2020) ................................................ 12, 14, 15

*In re Procom Am., LLC*,
  638 B.R. 634 (Bankr. M.D. Fla. Mar. 21, 2022)................................................. 16, 17

*In re Pros. Direct Ins. Co.*,
  578 F.3d 432 (6th Cir. 2009) ................................................................................... 10

*In re Roz Trading Ltd.*,
  2007 WL 120844 (N.D. Ga. Jan. 11, 2017) .................................................. 8, 10, 11

*In re Salem*,
  2024 WL 3026670 (S.D.N.Y. June 17, 2024) ........................................................... 3

*In re Salem*,
  2024 WL 3249355 (D. Conn. July 1, 2024) ............................................................. 4

*In re von Bulow*,
  828 F.2d 94 (2d Cir. 1987)...................................................................................... 10

*Lexshare, Ltd. v. ZF Auto. US, Inc.*,
  555 F. Supp. 3d 510 (E.D. Mich. 2021)..................................................................... 9

*Nken v. Holder*,
  556 U.S. 418 (2009)................................................................................................... 6

*Pons v. AMKE Registered Agents, LLC*,
  835 F. App'x 465 (11th Cir. 2020) ............................................................................ 7

iii

*Republic of Ecuador v. Hinchee*,
   741 F.3d 1185 (11th Cir. 2013) ................................................................ 12

*Rothe v. Aballi*,
   2021 WL 4429814 (11th Cir. Sept. 27, 2021) ......................................... 10

*Starks v. Chuhak & Tecson, P.C.*,
   2019 WL 10060476 (S.D. Fla. Apr. 17, 2019) ....................................... 16

*TracFone Wireless, Inc. v. CNT Wireless LLC*,
   2019 WL 5863911 (S.D. Fla. Nov. 8, 2019)............................................ 15

*Wells Fargo Bank, N.A. v. Hazzan*,
   2012 WL 13014695 (S.D. Fla. July 17, 2012)........................................ 12

*ZF Auto. US, Inc. v. Luxshare, Ltd.*,
   142 S. Ct. 416 (2021) ............................................................................... 9

**Rules**

Fed. R. Civ. P. 1 ............................................................................................ 16

Fed. R. Civ. P. 11 .......................................................................................... 18

Fed. R. Civ. P. 37 ..................................................................................... 1, 18

Fed. R. Civ. P. 45 ............................................................................... 1, 16, 18

Applicant Moussy Salem, by and through undersigned counsel, respectfully submits this Opposition to Beno Salem's Motion to Stay Litigation Pending Appeal (ECF No. 90) ("Stay Motion"), and, pursuant to Rules 37 and 45 of the Federal Rules of Civil Procedure and the Court's September 27, 2024 Order (ECF No. 84) ("Order" or "Or."), cross-moves to compel Beno's compliance with the document subpoena served on Beno pursuant to the Order and for an order of attorneys' fees and costs.

## PRELIMINARY STATEMENT

After thirteen months of litigating this Section 1782 discovery dispute, on September 27, 2024, this Court granted Moussy's Application to take discovery from Beno Salem – and just in time for the imminent March 2025 trial in the English Proceedings.  Over the course of those thirteen months, Beno made every effort to avoid providing Moussy with this critical discovery, which Beno has plainly admitted he possesses.  For the first five months, Beno evaded service of the Application.  After this Court intervened and issued a summons, Beno filed an opposition and a motion to dismiss based on what this Court (and numerous other district courts) subsequently held was a "complete mischaracterization" of the English Court's discovery rulings and a covenant not to sue in an unrelated Settlement Agreement.  After two rounds of briefing and a three-hour hearing, the Magistrate Judge fully rejected Beno's defenses in a well-reasoned 29-page Report and Recommendation.  Undeterred, Beno then lodged objections with the District Court, which the Court likewise rejected in a 17-page order.  Finally able to proceed with this long-awaited discovery, Moussy served the Court-ordered subpoenas on Beno's counsel of record in October.

Nevertheless, consistent with his pattern of evasiveness, Beno has refused to produce any documents and continues to defy this Court's Order.  Instead, Beno raises the **same objections** that this Court has already considered and rejected.  Beno also claims that he is exempt from all

discovery obligations because service of the subpoena on his counsel of record is not valid.  Not only does the law say otherwise, but Beno's counsel received and responded to the subpoena on Beno's behalf.  Indeed, the only in-Circuit authority Beno cites for his service objection, a nearly sixty-year old Fifth Circuit case, doesn't actually say what Beno says it does; rather, the portion he cites is from the District of Mississippi's decision, which was appended to the Fifth Circuit's opinion with the explicit caveat that it did not incorporate the "holding" Beno now relies on.

Now, in yet another attempt to delay, Beno has moved for the "extraordinary remedy" of a stay of this Court's Order pending his Eleventh Circuit appeal.  Beno insists that his same, failed objections present "a real likelihood of success on appeal" and that he "faces irreparable harm" absent a stay.  On the former, this Court has already considered and rejected each of Beno's arguments on the merits, which the Eleventh Circuit is unlikely to disturb under the deferential abuse of discretion review.  On the latter, courts in this Circuit have held time and again that responding to a Section 1782 subpoena pending appeal is an "insubstantial harm" that does not warrant a stay.  In fact, a stay would significantly harm Moussy, who is running out of time to obtain this critical discovery in light of the upcoming March 2025 trial in England.  In the event that Beno's appeal is successful, the remedy would be an order precluding the use of the previously obtained discovery in the English Proceedings.

Taken together, Beno's Stay Motion and his meritless objections to the subpoena are simply the latest chapter in his now fifteen-month effort to delay compliance with his discovery obligations with the hope of mooting Moussy's Application in light of the imminent trial.  This Court should not countenance such gamesmanship.  For these reasons and those set forth below, Moussy respectfully requests that the Court: (i) deny Beno's Stay Motion; (ii) compel Beno to

comply with the subpoena and complete all document productions on or before December 31, 2024; and (iii) award Moussy his attorneys' fees and costs for bringing this Cross-Motion.

## FACTUAL BACKGROUND

On August 21, 2023, Moussy filed his Application to take discovery pursuant to 28 U.S.C. § 1782 from his uncle, Beno Salem, in aid of a civil litigation proceeding in England (the "English Proceedings"). (*See* ECF No. 1.) The English Proceedings have been pending since November 2022 (*see* ECF No. 4-1 at 16) and trial is scheduled to begin in March 2025.

Beno's counsel previously conceded that Beno possesses critical documents relating to Moussy's claims in the English Proceedings. (*See* ECF No. 78 at 42:1.) Nevertheless, ever since Moussy commenced this Section 1782 proceeding, Beno has made every effort to avoid producing this critical discovery in his possession. Although Section 1782 applications are routinely granted *ex parte*, Moussy endeavored to give Beno an opportunity to respond by serving Beno with the Application. (*See* ECF No. 16 at 2-4; ECF No. 17 ¶¶ 6-14; ECF No. 19 ¶¶ 3-9.) Beno evaded service for months, and Moussy was only able to serve the Application after the Court intervened in January 2024. (ECF No. 23.)

Undeterred, Beno then moved to dismiss the Application based on a covenant not to sue in an unrelated Settlement Agreement executed in April 2016, months before the conduct giving rise to Moussy's claims in the English Proceedings. (*See* ECF No. 30 at 1-7.) Beno also argued that the Application should be denied based on his claim that the English Court rejected the discovery Moussy seeks here (*see* ECF No. 29 at 6-9), which, as this Court and multiple other district courts have held, is a "complete mischaracterization of the English Court's ruling." (*See* Or. at 13-14 (citing *In re Salem*, 2024 WL 3026670 (S.D.N.Y. June 17, 2024); *In re Salem*, 2024

WL 3249355 (D. Conn. July 1, 2024)).)  Beno also argued that the subpoena requests were overbroad and unduly burdensome.

Following two rounds of briefing and a hearing, on August 28, 2024, Magistrate Judge Elfenbein issued a 29-page Report and Recommendation granting Moussy's Application and fully rejecting Beno's defenses.  (*See* ECF No. 79.)  In the well-reasoned Report, the Magistrate Judge correctly determined that the covenant not to sue did not apply.  (*Id.* at 16-18.)  The Magistrate Judge further rejected Beno's position that the English Court would be unreceptive to the Application, finding that not only had the Court never denied similar discovery, it had actually permitted the discovery Moussy seeks here.  (*See id.* at 22-25.)  Finally, despite Beno's contention that the subpoena requests were overbroad and unduly burdensome, the Magistrate Judge disagreed and held that Beno had failed to articulate any reasons for denying the Application beyond "boilerplate objections."  (*Id.* at 25-26.)

On September 11, 2024, Beno filed objections to the Report.  (ECF No. 80.)  On September 27, 2024, Judge Moore issued a 17-page Order rejecting Beno's defenses, adopting the Report in full, and granting Moussy's Application.  (ECF No. 84.)  Beno subsequently appealed the Order to the Eleventh Circuit, which is currently pending.  Beno filed his opening brief on November 20, 2024; Moussy's response is due December 20.

In accordance with the Court's Order, on October 31, 2024, Moussy served the document subpoena by email on Steptoe LLP, Beno's counsel of record.  (Purinton Decl., Exhibit A ("Ex. A").)  On November 14, 2024, counsel served Beno's subpoena objections.  (Purinton Decl., Exhibit B ("Ex. B").)  Consistent with Beno's pattern of attempting to evade his discovery obligations, Beno refused to produce any documents responsive to the subpoena.  To the contrary, Beno raises the same exact objections that the parties already litigated and that this

Court categorically rejected, including that the requests are overbroad (*see* Ex. B, Gen. Obj., ¶¶ 4, 6, 10, 18), violate the covenant not to sue (*id.* ¶ 5), and seek information that the English Court rejected as irrelevant (*id.* ¶ 11).

Moreover, despite Moussy having served the subpoena on Beno's counsel of record, and notwithstanding that Beno received and responded to the subpoena, Beno now objects that the subpoena "ha[s] not been served on him" because it was not "personally delivered to" Beno. (Ex. B, Gen. Obj., ¶ 1.)  Leaving aside the ludicrousness of the position that he did not properly receive a subpoena he has already responded to, there is no support in the law for Beno's position that personal service is required.  And this Court should not require personal service here, where Beno has already demonstrated that he will evade personal service without Court intervention.  (*See supra* at 3.)

On November 21, 2024, Moussy's counsel met and conferred with Beno's counsel in an attempt to narrow the disputes.  (Purinton Decl. ¶ 6.)  Beno's counsel maintained that service of the subpoena was improper because it was emailed to them rather than personally delivered to Beno.  (*Id.*)  Beno's counsel further stated that Beno intended to move to stay this proceeding pending Beno's appeal, and proposed that the parties agree to a briefing schedule and if the motion was denied, Beno would agree to produce documents within a specified time thereafter. (*Id.* & Exhibit C ("Ex. C").)  Moussy's counsel said they would consider Beno's proposal.  (*Id.* ¶ 6.)  On December 2, 2024, Moussy's counsel emailed Beno's counsel noting that Beno had not yet moved to stay, and in light of this, asked when Beno intended to produce responsive documents.  (*Id.* ¶ 7 & Ex. C.)  Later that day, Beno's counsel responded: "In light of the continuing lack of validly-served subpoenas, there are no impending dates to stay, and we have in any event responded to both subpoenas with objections . . . ."  (*Id.* ¶ 8 & Ex. C.)

Understanding that Beno now intended to rest on his objections to service, Moussy's counsel objected to Beno's change of position and informed Beno's counsel that Moussy would move to compel.  (*Id.* ¶ 9 & Ex. C.)

The very next day, on December 3, 2024, Beno reversed course again and filed his Stay Motion.  (ECF No. 90.)  The Stay Motion, again, raises the same objections that Beno proffered in his opposition to Moussy's Application, his motion to dismiss, his objections to the Magistrate Judge's Report, and his Eleventh Circuit appeal (*id.* at 5-9), all of which this Court firmly rejected.  Beno further contends he would suffer irreparable harm if he were to produce responsive documents and sit for a deposition while his appeal is pending.

It has been over fifteen months since Moussy filed his Application.  Now, just months before the March 2025 trial in the English Proceedings, Beno is attempting to run out the clock by refusing to produce *any documents*, despite admitting that he has responsive documents.

## ARGUMENT IN OPPOSITION TO MOTION TO STAY

It is well-established that the issuance of a stay pending appeal is an "extraordinary remedy."  *Garcia-Mir v. Meese*, 781 F.2d 1450, 1455 (11th Cir. 1986); *see also Nken v. Holder*, 556 U.S. 418, 433 (2009) ("A stay is not a matter of right, even if irreparable injury might otherwise result."); *In re Gonzalez*, 2021 WL 9794644, at *4 (S.D. Fla. Dec. 16, 2021) ("The issuance of a stay pending appeal is an extraordinary relief.").  Although the district court has discretion to stay its decision based on the circumstances of the case, Beno maintains the heavy "burden of showing that the circumstances justify an exercise of that discretion."  *Nken*, 556 U.S. at 433-34.

To obtain this "extraordinary remedy," Beno must show: (i) a "probable likelihood" of success on appeal; (ii) that he will "suffer irreparable damage" absent a stay; (iii) that Moussy

will suffer no substantial harm from the stay; and (iv) that the public interest will be served by a stay. *Garcia-Mir*, 781 F.2d at 1453. Beno cannot show any of these factors here.

*First*, Beno has proffered no basis whatsoever for his position that the Eleventh Circuit is "likely" to adopt the same failed arguments rejected by this Court. On appeal, Beno insists that "the covenant not to sue is a defense to a Section 1782 application," that the Application "is barred by the covenant not to sue" because this proceeding purportedly "relat[es] to a claim relating to liabilities in respect of facts that existed as of April 15, 2016," that Moussy seeks "sweeping discovery about the African Business [that] is irrelevant to the English dispute," and that the English Court "rul[ed] that broad discovery of the African Business was irrelevant." (*See* ECF No. 90-2 at 24-42.) In other words, Beno simply parrots "briefing that the Court has already found unpersuasive for the reasons stated in previous orders," which Florida courts find "wholly unconvincing" in deciding a motion to stay. *In re Gyptec S.A.*, 2017 WL 10978838, at *1 (S.D. Fla. Nov. 2, 2017) (holding first factor not met and denying motion to stay); *see also Gonzalez*, 2021 WL 9794644, at *5 (holding first factor not met when argument on appeal "was addressed and rejected" by the district court). Indeed, in the Section 1782 context, the Eleventh Circuit is particularly disinclined to reverse an order granting discovery because its "review is extremely limited and highly deferential." *Pons v. AMKE Registered Agents, LLC*, 835 F. App'x 465, 467 (11th Cir. 2020) (quoting *In re Clerici*, 481 F.3d 1324, 1331 (11th Cir. 2007)); *see also Garcia-Mir*, 781 F.2d at 1454 ("[W]e are not persuaded that the possibility of error here is so high as to constitute clear error suggesting probable likelihood of success on appeal.").[1]

---

[1] To the extent Beno raises new arguments on appeal that he did not present to this Court, he has waived them. *See Cont'l Tech. Servs., Inc. v. Rockwell Int'l Corp.*, 927 F.2d 1198, 1199 (11th Cir. 1991) ("An argument not made is waived[.]") On appeal, Beno for the first time argues that the covenant not to sue is an "affirmative defense" (*see* ECF No. 90-2 at 25-26), apparently changing positions after this Court rejected his attempts to dismiss this proceeding under Rule

*Second*, Beno doesn't come close to showing that he will suffer "irreparable harm" absent a stay.  To the contrary, courts have held time and again that "responding to discovery during a pending appeal is an insubstantial harm in the context of § 1782."  *Gonzalez*, 2021 WL 9794644, at *6; *see also Gyptec*, 2017 WL 10978838, at *1 (same); *In re Roz Trading Ltd.*, 2007 WL 120844, at *3 (N.D. Ga. Jan. 11, 2017) (holding "potential injury" was "minimal" because "Respondent must only search for and produce materials responsive to Petitioner's requests"); *In re Gushlak*, 2012 WL 1514824, at *4 (E.D.N.Y. Apr. 30, 2012) (denying motion to stay because "compelled production of non-privileged discovery material, standing alone, does not constitute irreparable injury").  Simply put, any speculative harm that Beno may incur by producing documents pending his appeal is not a recognized basis for staying the Order.

Nevertheless, Beno contends that his "right to appeal will be rendered moot if he is compelled to comply" before his appeal is decided, and insists that "[c]ourts grant stays of Section 1782 orders to prevent parties from having their statutory appeal rights effectively nullified."  (ECF No. 90 at 9-10.)  None of the cases Beno cites are availing.  In *Bales v. Bright Solar Marketing LLC* – which is not a Section 1782 case – the Middle District of Florida granted an **unopposed** motion to stay a magistrate judge's discovery order pending the district court's resolution of the movant's yet-to-be-filed objections.  2022 WL 17718503, at *1-2 & n.1 (M.D. Fla. Dec. 15, 2022) (noting movant would be "unable to timely appeal and object" because compliance date was before objection deadline).  It is completely irrelevant to the circumstances here, where Moussy opposes Beno's motion to stay the District Court's final Section 1782 order, which already considered and rejected Beno's objections, pending an appeal that Beno has

---

12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim.  (*See* ECF No. 78 at 20-22; ECF No. 80 at 12.)  In any event, tellingly, Beno relies entirely on out-of-Circuit cases to make this point.  (*See* ECF No. 90 at 5; ECF No. 90-2 at 24-27.)

already filed.  In any event, the *Bales* court also found that the non-movant would suffer no harm because a stay would "not impact any deadlines," which, as set forth below, is not the case here. *Id.* at *2.

 *ZF Automotive US, Inc. v. Luxshare, Ltd.*, 142 S. Ct. 416 (2021), is even less helpful for Beno.  As Beno concedes, "the Supreme Court's order was unreasoned" (ECF No. 90 at 10 n.4), so it is impossible to surmise the basis for the Court's stay; each of the four factors were disputed by the parties below.  *See Lexshare, Ltd. v. ZF Auto. US, Inc.*, 555 F. Supp. 3d 510, 514-518 (E.D. Mich. 2021).  Finally, Beno's reliance on *In re Kidd*, 2020 WL 3035960 (D. Conn. June 5, 2020), which Beno claims granted a stay "because otherwise respondents would have to face contempt to obtain review," is yet another example of Beno manufacturing a holding that doesn't actually exist.  The case has absolutely nothing to do with a subpoena recipient's ability to obtain judicial review absent a stay.  Rather, the court explained, as Moussy submits, that "a requirement to produce documents . . . is not generally the type of injury that is irreparable."  *Id.* at *4.  The court only granted the stay because it found the respondents had "a sufficiently high possibility of success [on appeal] so as to 'excuse' a lesser showing of harm."  *Id.*[2]

 In fact, the Supreme Court and courts in this Circuit have categorically rejected Beno's position that requiring compliance with the Order would moot his appeal.  A pending appeal is mooted by intervening events only if it is "impossible for the court to grant any effectual relief" to the prevailing party.  *Church of Scientology of Cal. v. U.S.*, 506 U.S. 9, 12 (1992).  In the event Beno prevails on appeal, the court can fashion an appropriate remedy by, for example,

---

[2] Beno also insists he will suffer irreparable harm because "the subpoenas seek disclosure of financial information that the English Court has found is not relevant" and because Moussy "has already agreed" that a stay is appropriate for breaches of the Settlement Agreement.  (ECF No. 90 at 10-11.)  This Court has already considered and rejected these premises.

ordering Moussy to destroy and return any documents produced in response to the subpoena or entering a protective order. *See id.* at 11-15 (holding appeal of order requiring production of allegedly privileged tapes not mooted by intervening production because court could order government to return tapes); *see also Rothe v. Aballi*, 2021 WL 4429814, at *2 (11th Cir. Sept. 27, 2021) (holding appeal not moot because "the return of private documents, like the documents requested by Dr. Rothe, would provide some meaningful relief"); *Roz Trading*, 2007 WL 120844, at *3 & n.4 (holding no irreparable harm to § 1782 respondent because court could order return of documents and denying stay motion). For these reasons, Beno's contention that he will suffer irreparable harm by producing confidential records (without specifying what those are or how they are confidential) (ECF No. 90 at 11) is wrong and not supported by controlling precedent. *See id.*; *see also In re Lopes*, 2005 WL 8155907, at *1-2 (S.D. Fla. Sept. 23, 2005) (rejecting argument that production of confidential information caused irreparable harm warranting stay of § 1782 proceeding).[3]

*Third*, Moussy will suffer significant harm if he cannot obtain this critical discovery before the March 2025 trial in the English Proceedings. Beno's Stay Motion is yet another attempt to delay such that Moussy's court-ordered subpoena will become effectively moot by the time the Eleventh Circuit decides the appeal. Staying the Order would thus substantially prejudice Moussy in his ability to prove his claims in the English Proceedings. *See, e.g.*, *Gonzalez*, 2021 WL 9794644, at *6 (denying stay where "additional delay will harm [applicant]

---

[3] The out-of-Circuit cases Beno cites for this point are inapposite. *See In re Pros. Direct Ins. Co.*, 578 F.3d 432, 438 (6th Cir. 2009) (deciding petition for writ of mandamus and citing case and treatise concerning the production of privileged, private, or constitutionally protected information); *In re von Bulow*, 828 F.2d 94, 98-99 (2d Cir. 1987) (deciding petition for writ of mandamus and discussing production of privileged information); *Bank of N.Y. Mellon v. Figueroa*, 299 So.3d 430, 433 (Fla. Dist. Ct. App. 2019) (discussing production of irrelevant personal financial information).

in his ability to bring his claims in a foreign proceeding" and noting "this case has been pending for over a year with minimal discovery produced.  Instead, Respondent has filed notices of appeal."); *Gyptec*, 2017 WL 10978838, at *2 (holding applicant faced "significant harm . . . from further delay" "in light of the 18-month pendency of this case during which [respondent] has filed multiple motions to stay in lieu of complying with Court-ordered deadlines"); *Roz Trading*, 2007 WL 120844, at *3 (denying stay because applicant would "suffer[] the significant risk of prejudice by a final arbitral decision being reached without consideration of relevant evidence in Respondent's possession").

*Finally*, the public interest does not support granting a stay.  To the contrary, "a stay would encourage parties to foreign [litigations] to pursue protracted discovery disputes to delay the production of evidence in the hope that a final . . . decision on the underlying merits might be reached before the discovery dispute is resolved."  *Roz Trading*, 2007 WL 120844, at *3; *see also Gushlak*, 2012 WL 1514824, at *4 (holding stay not in public interest where respondents "have engaged in dilatory tactics and presented frivolous arguments to delay and avoid compliance with the subpoenas," and to "reward this type of gamesmanship . . . would be unjust and would set a bad precedent for future litigants").  Granting a stay would encourage respondents in future Section 1782 proceedings to evade service and lodge baseless objections and appeals to avoid complying with their discovery obligations, exactly as Beno has done here.[4]

For these reasons, Moussy respectfully requests that the Court deny Beno's Stay Motion.

---

[4] A 28-day temporary administrative stay, as Beno requests in the alternative (ECF No. 90 at 12), would also significantly prejudice Moussy and contravene the public interest.  This Court should reject *any* stay.

**ARGUMENT ON CROSS-MOTION TO COMPEL AND
FOR ATTORNEYS' FEES AND EXPENSES**

## I.    THIS COURT HAS ALREADY SANCTIONED THE APPLICATION AND REJECTED BENO'S OBJECTIONS.

"The federal rules of discovery govern the production of documents when Section 1782 discovery is authorized." *In re Pons*, 2020 WL 5355967, at *11 (S.D. Fla. Sept. 7, 2020).  In Section 1782 proceedings, "the Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013). Where a non-party objects to a Section 1782 subpoena, the issuing party may move the district court for an order compelling production.  *Id.* at 1187-1195.  And, critically, "a party may not stop complying with its discovery obligations when it files a motion to stay." *Wells Fargo Bank, N.A. v. Hazzan*, 2012 WL 13014695, at *1 (S.D. Fla. July 17, 2012).

Where, as here, the district court has already granted the Section 1782 application and overruled the subpoena recipient's objections, it will not revisit the merits of those objections on a motion to compel.  *See, e.g.*, *Pons*, 2020 WL 5355967, at *11 (compelling discovery over recipient's "overbroad" objection where court "previously overruled [recipient's] overbroad objection as to discovery sought . . . and this Court affirmed"); *In re Hornbeam Corp.*, 2018 WL 7577226, at *2-3 (S.D. Fla. Sept. 21, 2018) (rejecting objections where court had "already ordered, on multiple occasions," that requested discovery "is appropriate under § 1782" and declining to "disturb the Court's prior rulings"); *Chevron Corp. v. Pichincha*, 2013 WL 12061837, at *3 (S.D. Fla. Apr. 12, 2013) (compelling § 1782 discovery because "[t]here is nothing additional before me that requires a retreat from [court's prior] position").

In his written responses to Moussy's document subpoena, Beno recycles the same failed objections that this Court considered, and rejected, in granting Moussy's Application.  To start, Beno objects that the subpoena "pervasively fail[s] to take reasonable steps to avoid imposing

undue burden or significant expense," "impose[s] burdens that are inconsistent with, or in addition to, Beno Salem's obligations," and is "over broad, vague, unduly burdensome, and beyond the scope of permissible discovery." (*See* Ex. B, Gen. Obj., ¶¶ 4, 6, 10, 18; *see also id.* at 6-19 (overbreadth obj. to each request).)  However, this Court has already rejected Beno's "overbreadth" objection, holding that Beno "fail[ed] to provide any tangible information that would allow the Court to adequately evaluate" whether the requests were overbroad or "not proportional to [Moussy's] needs." (Or. at 14-15.)  That holding was squarely in line with Circuit caselaw. *See Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1273 (11th Cir. 2014) (holding respondent "failed to identify which particular discovery requests . . . are unduly burdensome or to provide any specific evidence to support its blanket claim").

To the extent Beno claims he "has no obligation to comply" "[a]bsent a satisfactory offer of the costs of review and production," that is also plainly wrong. (*See* Ex. B, Gen. Obj., ¶ 4; *id.* at 6-19 (raising "significant expense" obj. to each request).)  As the Court observed in its Order, Beno has not provided any estimate of his expected costs. (Or. at 14-15.)  Beno's "continued demand for repayment in the abstract is insufficient" to exempt him from his discovery obligations. *Hornbeam*, 2018 WL 7577226, at *3-4 (compelling discovery over objection that applicant should pay production costs).[5]

Beno further objects that the subpoena purportedly "violates agreements that Moussy Salem entered into containing covenants not to initiate further proceedings against Beno."

---

[5] For these reasons, Beno's contention that English law requires Moussy to pay his costs and fees misses the mark. (*See* Ex. B, Gen. Obj., ¶ 4.)  In any event, it is well-established that the FRCPs, not English law, govern compliance with Section 1782 subpoenas. (*See supra* at 12.)

(Ex. B, Gen. Obj., ¶ 5.)  Again, this Court plainly rejected Beno's position that the Settlement Agreement bars Moussy's Application.  (Or. at 4-11.)

Nor do Beno's relevance objections carry the day.  Just as he argued in opposing Moussy's Application, Beno maintains that the requests seek irrelevant information that Moussy "sought in England and that was rejected by the English Court."  (*See* Ex. B, Gen. Obj., ¶¶ 11, 13; *id.* at 9, 12-14, 16-17, 18-19 (request nos. 3, 8-10, 13-16).)  Again, this Court has already disposed of these objections, joining two other federal district courts in holding that Beno's position "is a complete mischaracterization of the English Court's ruling" and that documents "about the value, profits, and transfer of the logistics agreement are relevant to Applicant's claims."  (Or. at 13-15.)  Beno further makes the puzzling objection that requests 13, 14, and 16 are improper because "the Gestcom allegations are . . . not relevant to" the English Proceedings.  (Ex. B at 16-17, 19.)  Not only has this Court rejected Beno's position, but it is belied by Beno's own declarant who confirmed that "Gestcom . . . is also the subject of issues for disclosure in the English Proceedings."  (ECF No. 29-3 ¶ 6.)

Beno raises a host of other reasons why he believes he does not need to comply.  He contends that the subpoena (i) seeks documents he does not possess or control (Ex. B, Gen. Obj., ¶ 7); (ii) seeks cumulative evidence or information obtainable elsewhere (*id.* ¶ 8; *see also id.* at 7-19); (iii) is vague, ambiguous or "unparticularized" (*id.* ¶ 12; *see also id.* at 7-19); (iv) "require[s] him to violate the data privacy or other laws of any jurisdiction" (*id.* ¶ 15); and (v) seeks confidential, privileged, or private information (*id.* ¶¶ 14, 16-17; *see also id.* at 7-19).

To start, Beno has waived these objections by failing to raise them when opposing Moussy's Application.  *See Pons*, 2020 WL 5355967, at *11 (holding § 1782 subpoena recipient "waived its objections and privilege arguments regarding the subpoena" by failing to raise them

14

in its initial motion to quash or vacate).  In any event, Beno's new objections are meritless.  The majority are general objections, which "are not permitted by the federal discovery rules."  *Id.*  Nor is Beno's position that Moussy already possesses certain of the documents a legitimate excuse for failing to comply.  *See In re Consorcio Ecuatoriano de Telecomunicaciones S.A.*, 2012 WL 13114035, at *3 (S.D. Fla. July 16, 2012) (holding cumulative objection "is not enough to excuse [subpoena recipient] from its obligation to respond to [the] subpoena.").[6]

## II.     THE SUBPOENA HAS BEEN PROPERLY SERVED.

Beno also contends that compliance is not required because service on Beno's counsel of record is invalid.  (*See* Ex. B, Gen. Obj., ¶ 1 (objecting that the subpoena was not personally delivered to Beno)); *see also id.* at 6-19.)  However, there "is significant authority within the Eleventh Circuit holding that Federal Rule 45 does not require personal service; rather, it requires service that is reasonably calculated to ensure receipt of the subpoena by the witness."  *TracFone Wireless, Inc. v. CNT Wireless LLC*, 2019 WL 5863911, at *2 (S.D. Fla. Nov. 8, 2019) (collecting cases).  For this reason, courts have held that service on the non-party's attorney is proper where the attorney "acknowledge[s] receipt of the subpoena" and responds, or where the recipient is "aware that the [issuing party is] attempting to serve a subpoena on him."  *See In re MTS Bank*, 2018 WL 1718685, at *4 (S.D. Fla. Mar. 16, 2018); *BG Strategic Advisors, LLC v. FreightHub, Inc.*, 2023 WL 114864, at *4-5 (S.D. Fla. Jan. 6, 2023).

For example, in *MTS Bank* – also a Section 1782 proceeding – the respondent argued that service on his attorney was improper because he was "never . . . personally served under

---

[6] Moussy has attempted to meet and confer with Beno to reasonably minimize the effort and cost of discovery.  However, Beno has been unwilling to engage in meaningful discussions, instead resting on his objections and moving to stay the Order pending his appeal.  In any event, Moussy is running out of time to obtain this discovery without Court intervention in light of the imminent March 2025 trial.

Rule 45" and the attorney "was never authorized to accept service on his behalf."  2018 WL 1718685, at *3.  This Court rejected respondent's position that Rule 45 requires personal service because "there is no explicit requirement in the rule itself on the method of delivery."  *Id.*  To the contrary, this Court held that the respondent was properly served where his attorney "acknowledged receipt of the subpoena" and responded by moving to quash, which "suggest[ed] that [respondent] is in receipt of the subpoena served on his attorney."  *Id.* at *4.

Likewise, in *BG Strategic Advisors*, this Court held that alternative service was proper where the non-party's attorney also represented the defendant, and thus, the non-party became aware of the subpoena after the issuing party served notice and a copy of the subpoena on the defendant.  2023 WL 114864, at *3-5.  In so holding, the Court reasoned that a personal service requirement was not only inconsistent with the text of Rule 45, but would disrupt "Rule 1's assertion that the Federal Rules of Civil Procedure should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  *Id.*[7]  Numerous other cases are in accord.  *See, e.g.*, *Starks v. Chuhak & Tecson, P.C.*, 2019 WL 10060476, at *3 (S.D. Fla. Apr. 17, 2019) (rejecting "formalistic interpretation" of Rule 45 as requiring personal service and holding service on non-party's attorneys sufficient); *In re Procom Am., LLC*, 638 B.R. 634, 644 (Bankr. M.D. Fla. Mar. 21, 2022) (service on counsel proper where counsel represented non-party in case, appeared for non-party at hearings, and both counsel and non-party were aware of subpoena).

So too here.  Moussy served the subpoena by email on Beno's counsel of record, *i.e.*, the very lawyers who intervened in these proceedings on Beno's behalf and filed numerous

---

[7] Although *BG Strategic Advisors* addressed a motion for alternative service, the Court rejected a blanket personal service requirement under Rule 45 and held alternative service was permissible where the non-party was aware of the subpoena through his attorney.

challenges to the Application.  (*See* Ex. A.)  That method was more than "reasonably calculated" to ensure receipt by Beno; indeed, Beno responded by serving his objections "by and through his counsel of record."  (Ex. B at 1.)  Moreover, Beno has now been litigating Moussy's Application and the merits of the subpoenas for over fifteen months; Beno is more than aware of Moussy's efforts to serve him and he should not be permitted to further delay Moussy's right to this critical evidence.  *See BG Strategic Advisors*, 2023 WL 114864, at *5 ("The Court simply does not want a subpoena service issue to further unnecessarily delay this case[.]").

Beno relies on one in-Circuit case, *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968), to argue that this Circuit "expressly and unequivocally holds that service on an attorney is not sufficient service of a subpoena."  (Ex. B, Gen. Obj., ¶ 1; *see also* ECF No. 90 at 4 n.3)  This is yet another of the many examples of Beno and his lawyers misrepresenting the law and taking bad-faith positions.  *Harrison* never actually addressed any subpoena service issues.  Rather, the portion cited by Beno is from the district court's decision below, which was appended to the Fifth Circuit's opinion.  *See* 404 F.2d at 273.  The Fifth Circuit expressly clarified that it incorporated the district court's decision only "insofar as those reasons pertain to the issues on appeal," which had nothing to do with service of the subpoena.  *Id.* at 268-69; *see also Procom Am.*, 638 B.R. at 642 n.41 ("*Harrison*[] did not hold that service of a subpoena on a witness' lawyer is ineffective" because "the district court statement was not even incorporated into the Fifth Circuit Opinion—let alone a holding by the Fifth Circuit").  In any event, the district court's nearly sixty-year-old decision is not only out of Circuit (D. Miss.), but also contravenes the significant, more recent caselaw set forth above.

For these reasons, Moussy respectfully requests that the Court order Beno to comply with the document subpoena.[8]

### III.   MOUSSY IS ENTITLED TO HIS ATTORNEYS' FEES AND EXPENSES.

A Section 1782 applicant is entitled to attorneys' fees and expenses incurred in making a successful motion to compel. *See In re Furstenberg Finance SAS*, 2018 WL 11256049, at *2-3 & n.3 (S.D. Fla. June 11, 2018) (affirming fee award under Rule 37). Pursuant to Rule 37, such an award is mandatory, not permissive. *See* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion is granted . . . the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees."). Alternatively, courts may award fees under Rule 45 upon a finding of contempt based on the non-party's failure to "obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g); *see also Furstenberg*, 2018 WL 11256049, at *2 n.3.

Moussy is entitled to his reasonable attorneys' fees and costs under either Rules 37 or 45 should he prevail on this motion. Beno has refused to obey the Court's Order and subpoena based on putative objections that this Court has already rejected or are inconsistent with Circuit caselaw. Moussy is entitled to reimbursement for the time and resources wasted to overcome Beno's frivolous and tired objections.[9]

---

[8] Beno also objects to the deposition subpoena because Moussy did not tender a witness fee or mileage costs. (*See* Ex. B, Gen. Obj. ¶ 2.) If the Court finds Moussy's method of service proper, Moussy will re-serve the deposition subpoena on Beno's counsel with the required fee.

[9] Should the Court decline to issue an order to show cause on its own initiative, Moussy intends to file a motion for Rule 11 sanctions based on, at a minimum, Beno's and his counsel's repeated efforts to "cause unnecessary delay" and "complete mischaracterizations" of the English Court's discovery rulings (*see* Or. at 13-14), which three separate federal district courts have now rejected. *See* Fed. R. Civ. P. 11(b), (c).

## CONCLUSION

Wherefore, Moussy respectfully requests that the Court (i) deny Beno's Stay Motion;

(ii) order Beno to comply with the subpoena and complete all document productions on or before

December 31, 2024; and (iii) award Moussy his attorneys' fees and costs for bringing his Cross-

Motion, with the amount to be determined at a later time.

Dated: December 11, 2024

Respectfully submitted,

**FLASTER GREENBERG PC**
2255 Glades Road, Suite 324A
Boca Raton, FL 33431
Tel: (561) 961-4508

*/s/ Meghan C. Moore*
Meghan C. Moore, Esq.
Florida Bar No. 668958
Nicole A. Josephy, Esq.
Florida Bar No. 124492
Meghan.moore@flastergreenberg.com
Nicole.josephy@flastergreenberg.com

**BROWN RUDNICK LLP**
Lauren Tabaksblat, Esq. (*pro hac vice*)
Tyler D. Purinton, Esq. (*pro hac vice*)
7 Times Square
New York, NY 10036
Tel: 212-209-4800
Fax: 212-209-4801
ltabaksblat@brownrudnick.com
tpurinton@brownrudnick.com

*Counsel for Applicant Moussy Salem*

## **CERTIFICATE OF GOOD FAITH CONFERRAL**

I hereby certify that Applicant's counsel has conferred with Respondent's counsel in good faith in an effort to obtain the discovery without court action, and such efforts were unsuccessful.

*/s/ Meghan C. Moore*
Meghan C. Moore

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Meghan C. Moore*
Meghan C. Moore