IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-mc-23186-KMM

*In re* Application of

MOUSSY SALEM,

Applicant,

FOR AN ORDER TO TAKE DISCOVERY
PURSUANT TO 28 U.S.C. § 1782 FROM
BENO SALEM

**DECLARATION OF TYLER D. PURINTON IN SUPPORT OF
MOUSSY SALEM'S OPPOSITION TO BENO SALEM'S MOTION TO STAY
AND CROSS-MOTION TO COMPEL PRODUCTION IN ACCORDANCE WITH
SEPTEMBER 27, 2024 ORDER AND FOR ATTORNEYS' FEES AND COSTS**

I, TYLER D. PURINTON, hereby declare under penalty of perjury as follows:

      1.      I am a lawyer at Brown Rudnick, LLP, and counsel for Applicant Moussy Salem

("Moussy") in the above-captioned proceeding. I submit this declaration in support of Moussy's

Opposition to Beno Salem's Motion to Stay Litigation Pending Appeal and Cross-Motion to

Compel Production in Accordance With September 27, 2024 Order and For Attorneys' Fees and

Costs. I am knowledgeable about the matters described below, and the facts stated herein are

true and correct to the best of my knowledge and belief.

      2.      On September 27, 2024, the Court issued its Order on Report and

Recommendation ("Order"). (ECF No. 84.) The Order granted Moussy's Application for

Assistance in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 to take discovery from

Beno Salem, and denied Beno's Motion to Dismiss or Stay Application for Judicial Assistance.

(*Id.* at 16-17.)

3.      In accordance with the Order, on October 31, 2024, my firm served a subpoena for the production of documents by email on Steptoe LLP, Beno's counsel of record in the above-captioned proceeding.  A true and correct copy of the email and accompanying subpoena are attached as **Exhibit A**.

4.      On November 14, 2024, counsel for Beno served Beno's subpoena objections on my firm by email.  A true and correct copy of the email and Beno's objections are attached as **Exhibit B**.

5.      As set forth in Beno's subpoena objections, Beno has refused to produce any documents responsive to the subpoena.  Among other objections, Beno objected that the subpoena was not properly served because it was emailed to his counsel of record and was not "personally delivered to Beno."  (*See* Ex. B, Gen. Obj., ¶ 1; *see also id.* at 6-19 (objecting to every request on basis that "the subpoena is invalid and not properly served").)

6.      On November 21, 2024, I met and conferred with Beno's counsel in an attempt to narrow the disputes.  Beno's counsel maintained that service of the subpoena was improper. Beno's counsel further stated that Beno intended to move to stay this proceeding pending Beno's appeal of the Order to the Eleventh Circuit, and proposed that the parties agree to a briefing schedule and if the stay motion was denied, Beno would agree to produce documents within a specified time thereafter.  Beno's counsel informed me that they intended to file the stay motion either later that week or early the following week.  I informed Beno's counsel that my team would consider Beno's proposal, but that Moussy would not agree to a stay.

7.      On December 2, 2024, I emailed Beno's counsel.  I noted that Beno had not yet moved to stay, and in light of this, asked when Beno intended to produce documents responsive

to the subpoena.  A true and correct copy of my December 2, 2024 email is attached as

**Exhibit C**.

8.    Later that day, Beno's counsel responded by email: "In light of the continuing lack of validly-served subpoenas, there are no impending dates to stay, and we have in any event responded to both subpoenas with objections (both to the validity and service of the subpoenas and substantively)."  (*See* Ex. C.)

9.    Based on this response, I understood that Beno had abandoned his proposal and instead intended to stand by his objections to service.  I objected to Beno's change of position and informed Beno's counsel that Moussy would move to compel Beno's production in accordance with the Court's Order.  (*See* Ex. C.)

10.    The very next day, without prior notice to Moussy and contrary to counsel's December 2 email, Beno filed his Motion to Stay.  (ECF No. 90.)  The Motion to Stay requests that the Court stay this proceeding pending Beno's appeal to the Eleventh Circuit.

11.    Moussy has filed an opposition to Beno's Motion to Stay and has cross-moved to compel Beno to produce documents responsive to the subpoena in accordance with the Court's Order.

I declare under penalty and perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: December 10, 2024
        New York, New York

Tyler D. Purinton

3

# EXHIBIT A

## Purinton, Tyler

| | |
|---|---|
| **From:** | Purinton, Tyler |
| **Sent:** | Thursday, October 31, 2024 2:27 PM |
| **To:** | Kritzer, Nate; Haverman, Elise; Sanderson, Joseph |
| **Cc:** | Tabaksblat,  Lauren; Urena, Karina |
| **Subject:** | In re Moussy Salem, 1:23-cv-23186-KMM (S.D. Fla.) |
| **Attachments:** | 2024.10.31 - Subpoena for the Production of Documents to B. Salem.pdf; 2024.10.31 - Subpoena for Deposition to B. Salem.pdf |

Nate,

I hope all is well.  On behalf of Moussy Salem and pursuant to Judge Moore's September 27, 2024, Order on Report and Recommendation (Dkt. 84), please see attached service copies of Moussy Salem's subpoenas to Beno Salem for the production of documents and deposition.

Please confirm receipt.

Thanks,

**brown**rudnick

**Tyler D. Purinton**
Associate

Brown Rudnick LLP
Seven Times Square
New York, NY 10036
T: +1 212 209 4841
F: +1 212 938 2971
Tpurinton@brownrudnick.com
www.brownrudnick.com

Please consider the environment before printing this e-mail

1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida ▾

*In re* Application of       )

MOUSSY SALEM       )

      )    Civil Action No. 1:23-cv-23186-KMM

FOR AN ORDER TO TAKE DISCOVERY       )
PURSUANT TO 28 U.S.C. §1782 FROM BENO   )
SALEM       )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                        Beno Salem

*(Name of person to whom this subpoena is directed)*

  ☛ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Schedule A.

| Place: Flaster Greenberg PC<br>2255 Glades Road, Suite 324A<br>Boca Raton, FL 33431 | Date and Time:<br><br>12/02/2024 at 5:00 pm ET |
|---|---|

  ❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/31/2024

CLERK OF COURT

                                        OR        *Lauren Tabaksblat*

                *Signature of Clerk or Deputy Clerk*                               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Moussy Salem

                                             , who issues or requests this subpoena, are:

Lauren Tabaksblat, Brown Rudnick LLP, 7 Times Square, New York, NY 10036, lauren.tabaksblat@brownrudnick.com, (212) 209-4800

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                    *Server's signature*

                                                      _____
                                                                    *Printed name and title*

                                                      _____
                                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A
## DEFINITIONS & INSTRUCTIONS

Whenever used herein, the following terms shall have the following meanings:

1. "**African Businesses**" refers to a set of trading businesses owned by the Salem Family and held through a series of trusts.

2. "**Applicant**" means Moussy Salem and includes any employees, agents, representatives, or other persons acting on behalf of Petitioner or their affiliates, including but not limited to attorneys and accountants.

3. "**Communication**" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

4. "**Document**" and "**Documents**" is synonymous with the definition contained in Federal Rule of Civil Procedure 34. For the avoidance of doubt, a Document includes all Documents appended or attached thereto or enclosed therewith.

5. "**Including**" means "including, without limitation."

6. "**Morsgate Agreement**" means the March 14, 2000 Logistics Agreement involving Morsgate International Limited and Parker Logistics Limited.

7. "**Morsgate Shareholders**" means Société Cobexim SARL, Glynfield Finance Limited, Transglobe Logistics Management Limited, Forewin (Ghana) Limited and Lewadis FZ Limited.

8. "**Person**" means a natural person, firm, company, partnership, corporation, association, government, department, agency, organization, trust, estate, or any other entity, regardless of whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government controlled.

9. "**Respondent,**" "**You**," and "**Your**" mean Beno Salem, including any of his affiliates, agents, representatives, or others acting on his behalf.

10. "**Salem Businesses**" refers to the subset of entities, which are part of the business beneficially owned by the Salem family and operated in various countries, as well as its subsidiaries, successors, predecessors, employees, agents, representatives, or affiliates (defined in the Memorandum of Law as the "**African Businesses**") which are connected to Morsgate International Limited ("**Morsgate**") which acts or acted as, *inter alia*, a treasury company to the Salem Businesses, including specifically the following businesses as set forth by jurisdiction:

    a. Benin:
       i. Société Cobexim SARL
    b. BVI:
       i. Monline International Limited
       ii. Glynfield Finance Limited
       iii. Transglobe Logistics Management Limited
    c. Ghana:
       i. Forewin (Ghana) Limited
       ii. Lewadis FZ Limited
    d. Lebanon:
       i. Gestcom International Offshore SAL

       ii.      Gestcom International Trading Offshore SAL/Gee Trading (Offshore) SAL

e.    Nigeria:
- i.      Blue Arrow TSW Limited
- ii.     Great Brands Nigeria Limited

f.    United Kingdom:
- i.      Monline UK Limited
- ii.     Parker Logistics Limited

g.    USA:
- i.      BS Gestcom Holdings Corp

11.    Please set forth the Request before each response when issuing your written responses to these Requests.

12.    Please produce any Document in the possession, custody, or control of Respondent and/or his representatives or that was in the possession, custody, or control of Respondent at any time, or is in the possession of any of Respondent's present or former attorneys, agents, representatives, employees, heirs, assigns, or other persons acting or purporting to act on his behalf. Please also produce any Document affixed to or attached to any Document otherwise responsive to any Document request.

13.    If, in answering these Requests, you believe that a definition or instruction applicable thereto, is ambiguous, please set forth as part of the response the language you believe is ambiguous and the interpretation you have used to respond to the request.

14.    If any Document is withheld or redacted on a claim that it is privileged or otherwise subject to any protection from production, such claim shall be made expressly in compliance with Local Rule 26.2, and shall be supported by an identification of the nature of the Documents, Communications, or things not produced, sufficient to enable the demanding party, and the Court if necessary, to evaluate the claim of privilege or protection.

15.    The parties will meet and confer regarding the format in which ESI will be produced. ESI should be produced in the format that the parties agree upon. In the event that the parties cannot reach agreement on a format for the production of electronically stored information, you should produce ESI in the following format:

a.    All Documents should be produced as text searchable image files (*e.g.*, .PDF or .TIFF (Group IV, color, minimum 300 DPI)) unless prior imaging renders this an impossibility. The images should be unitized by each individual logical Document, endorsed with a sequential alphanumeric Bates number (*e.g.*, ABC000001), and named to correspond to the Bates number endorsement on the first page of the document (*e.g.*, ABC000001.tiff). To the extent practicable, each individual Document and Communication based on an electronic file should be accompanied by a corresponding text file containing the searchable text for the Document. The text file should be named to correspond to the Bates number endorsement on the first page of the Document or Communication (*e.g.*, ABC000001.txt). Your production should include a Concordance load file, which should consist of the following two files: (1) .dat - Beg Prod, End Prod, Extracted Text (with appropriate mapping) and any other metadata fields the Parties agree to provide, and (2) .opt - contains mapping to the single page images.

b.     Except as otherwise provided herein, MS-Excel files, PowerPoint files, CSV files, and similar spreadsheet files and/or databases should be produced in native format, along with a Bates–numbered single–page image (*e.g.*, .TIFF or .TIF). The .TIFF or .TIF image should bear the legend "Produced in Native Format" along with a Bates number and any confidentiality designation. The metadata load file for each such Document or database should contain the relevant Document designation (*i.e.*, "Confidential" in a field named "Designation"), and a link to the native format Document or database named "Native Link." Such links should contain the full directory path and file name of the spreadsheet or database as contained in the production media. To the extent that a Document or database contains information subject in part to a claim of privilege or other protection from disclosure, it should be produced in the form of a redacted .TIFF or .TIF image, rather than in native format.

c.     For files not produced in native format, You should provide the following metadata for ESI produced to the extent such metadata exists and can be reasonably provided. To the extent that either party has a good faith belief there is a need for additional email header paths for particular email(s), the other party should agree to reasonably consider said Request and meet and confer as may be necessary.

| Field Name | Description |
|---|---|
| BegDoc# | Displays page ID of first page in a document. |
| EndDoc# | Displays page ID of last page in a document. |
| BegAttach | Displays BegDoc# of parent record. When exported, the values will match the field used as the Image Tag. |
| EndAttach | EndDoc# of last attached document in family. When exported, the values will match the field used as the Image Tag. |
| PgCount | Number of pages in a document (image records). |
| FileDescription | Description of native file type, as listed in file type database. |
| FilePath | Full path to source files (if e–docs or loose e–mail) or folder path contained with a mail store (if NSF or PST). |
| From | Author of the e–mail message. |
| To | Main recipient(s) of the e–mail message. |
| CC | Recipient(s) of "Carbon Copies" of the e–mail message. |
| BCC | Recipient(s) of "Blind Carbon Copies" of the e–mail message. |
| DateSent | Sent date of an e–mail message. |
| TimeSent | Time the e–mail message was sent. |
| DateRcvd | Received date of an e–mail message. |
| TimeRcvd | Time the e–mail message was received. |
| EMail_Subject | Subject of the e–mail message. |

| Attach | Populates parent records with original filenames of all attached records, separated by semi-colons. |
|---|---|
| Filename | Original filename of native file. Contains subject of e–mail message for e–mail records. |
| DateCreated | Creation date of the native file. |
| TimeCreated | Creation time of the native file. |
| DateLastMod | Date the native file was last modified. |
| TimeLastMod | Time native file was last modified. |
| Title | Title field value extracted from the metadata of the native file. |
| Subject | Subject field value extracted from metadata of native file. |
| Author | Author field value pulled from metadata of the native file. |
| MD5Hash | Unique identifier, similar to a "fingerprint," extracted from all files imported via EDLoader. Uses 128–bit encryption. May be used for deduping purposes. |
| All Custodians | Displays textual value of all custodians in possession of native file. |
| NativePath | Full path to the native file contained on deliverable. |
| TextPath | Full path to the OCR/Extracted text file contained on deliverable. |

     d.    Each redaction on a Document should be completed using white or colored boxes that contain the word "Redacted" at the point of each redaction on each page of the redacted Document. The redacted image file should be produced along with OCR text of the redacted file. If metadata displayed in the imaged Document was redacted, then that metadata should be excluded from the load file.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.  All documents, such as, account statements, management account statements, business statements, or communications from 2013 to present evidencing or concerning payments received or made by Morsgate or the Morsgate Shareholders in respect of services provided by Parker Logistics Limited, Monline International Limited or Monline UK Limited to Morsgate and the terms on which such services were provided to Morsgate.

2.  All documents such as share registers, nominee agreements, or communications evidencing the ownership or controlling mind(s) behind Monline UK Limited, Morsgate or the Morsgate Shareholders including but not limited to information about the basis on which each of the Morsgate Shareholders (and their respective shareholders) hold their interests therein and, to the extent such interest is held for a third party, the basis on which that interest is so held.

3.  All documents dating from January 1, 2016 onwards evidencing or concerning the creation of Monline UK Limited and the transfer of assets and/or management responsibilities from Monline International Limited to Monline UK Limited.

4.  All communications between January 1, 2016, and August 31, 2016, concerning the creation of Monline UK Limited.

5.  All documents evidencing or concerning the Morsgate Agreement from 2013 to August 31, 2016, including, without limitation, any and all amendments, modifications, addenda, or other agreements intended to modify, add to, or supersede the rights, obligations or terms set forth in the Morsgate Agreement in any manner.

6.  All communications between Beno Salem or the Salem Businesses with Morsgate International Limited from 2013 to August 31, 2016, concerning the Morsgate Agreement.

7.  All communications between Beno Salem or the Salem Businesses with Parker Logistics Limited from January 1, 2013 to August 31, 2016 concerning the Morsgate Agreement.

8.  All communications between Beno Salem or the Salem Businesses and Monline UK Limited from January 1, 2016, to present, concerning the Morsgate Agreement or any agreement on similar terms with any other company connected to the Salem Businesses.

9.  All documents evidencing or concerning the transfer of any asset from Monline International Limited between March 1, 2016, and August 31, 2016.

10. All communications regarding the transfer of any asset from Monline International Limited to Monline UK Limited between March 16, 2016, and August 1, 2016.

11. All documents evidencing or concerning the operation of Monline UK Limited from August 1, 2016, to present.

12. All communications concerning the operation of Monline UK Limited from August 1, 2016, to present.

13.  All documents and communications created between July 1, 2017 and March 31, 2021 concerning services provided by Monline UK Limited to Gestcom International Trading Offshore SAL/Gee Trading (Offshore) SAL, including but not limited to:

    a.  All documents evidencing or concerning the nature of the services provided;

    b.  All communications and documents evidencing or concerning the terms on which services were provided;

    c.  All communications and documents evidencing or concerning any payments (howsoever comprised) for the services provided;

    d.  All communications and documents evidencing the circumstances in which Monline UK ceased providing such services.

14.  All documents and communications created from January 1, 2017 onwards evidencing or concerning the ownership of Gestcom International Trading Offshore SAL/GEE Trading (Offshore) SAL, including the ownership of the known shareholder thereof of which Beno Salem is himself a shareholder, BS Gestcom Holdings Corp.

15.  All documents, such as, account statements, management account statements, business statements, income and expenditure records, organograms or share registers from 2013 to present evidencing the activities of or concerning each of the Salem Businesses, including but not limited to:

    a.  All documents evidencing or concerning the present shareholding in Société Cobexim SARL, including *inter alia*, whether the original shareholders, Beno Salem and Halidou Daouda, continue to hold shares as nominees and, if yes, all documents evidencing or concerning who or what these shares are held for.

    b.  All documents evidencing the internally reported turnover and expenditure of each of the Salem Businesses.

16.  All documents evidencing any receipt of funds, directly or indirectly, by Gestcom International Trading Offshore SAL/GEE Trading (Offshore) SAL, in connection with, or as a result of, the provision of the Parker Services.

# EXHIBIT B

**Purinton, Tyler**

| | |
|---|---|
| **From:** | Haverman, Elise <ehaverman@steptoe.com> |
| **Sent:** | Thursday, November 14, 2024 7:43 PM |
| **To:** | Tabaksblat,  Lauren; Purinton, Tyler; meghan.moore@flastergreenberg.com |
| **Cc:** | Kritzer, Nate; Sanderson, Joseph |
| **Subject:** | Salem - Objections to Beno Salem Subpoenas |
| **Attachments:** | Objections to Beno Subpoenas.pdf |

**CAUTION:** External E-mail. Use caution accessing links or attachments.

Counsel:

Please see attached courtesy copy of Beno Salem's Objections to the Subpoenas e-mailed to counsel on October 31, 2024. A hard copy was also mailed today.

Best,

Elise

**Elise Kyla Haverman**
Associate

**Steptoe**
Steptoe LLP | 1330 Connecticut Avenue NW | Washington, DC 20036
+1 202 429 8102 direct | ehaverman@steptoe.com | www.steptoe.com  | Steptoe Bio

This message and any attached documents contain information from the law firm Steptoe LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| *In re* Application of<br><br>MOUSSY SALEM,<br><br>     Applicant,<br><br>FOR AN ORDER TO TAKE DISCOVERY<br>PURSUANT TO 28 U.S.C. § 1782 FROM<br><br>BENO SALEM,<br><br>     Respondent. | Case No. 1:23-cv-23186-KMM |

### BENO SALEM'S OBJECTIONS TO THE SUBPOENAS EMAILED TO HIS COUNSEL ON OCTOBER 31, 2024

     Beno Salem, by and through his counsel of record, objects to the subpoenas emailed to his counsel on October 31, 2024, as follows:

### GENERAL OBJECTIONS

     1.     Beno Salem objects to the purported subpoenas in their entirety because they have not been served on him. Rule 45(b)(1) requires that subpoenas be personally delivered to the person to be served, not emailed to a person unauthorized to accept service of subpoenas. *In re Newbrook Shipping Corp.*, 31 F.4th 889, 897 (4th Cir. 2022) ("Rule 45 requires that the subpoena be served by 'delivering a copy to the named person.' Actual notice with no delivery to the named person fails to satisfy the Rule's demands."); *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) ("[P]roper service requires not only personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance."). Pre-1981 Fifth Circuit precedent, which binds this Court, expressly and unequivocally holds that service on an attorney is not sufficient service of a subpoena. *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968) ("[P]laintiff asserts that the

1

service of said subpoena on plaintiff's counsel, as opposed to the plaintiff himself, renders such service a nullity. . . . This subpoena was not served in conformity with the rule. Hence, plaintiff's position is well taken."). Thus, no subpoena has been validly served on Beno Salem and he is under no obligation to produce documents or appear.

2.      Beno Salem objects to the deposition subpoena in its entirety and, to the extent that it purports to require personal appearance, the documents subpoena, because no witness fee or mileage was tendered at the time of purported service, in clear violation of Rule 45(b)(1). A subpoena for a personal appearance that is not accompanied—at the time of service—by a tender of the required fees is void. *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.)*, 713 F.2d 494, 496 (9th Cir. 1983); *Cincinnati Ins. Co. v. Cochran*, No. 5:04MC2/RV/MD, 2004 WL 5246993, at *3 (N.D. Fla. Dec. 9, 2004) ("Tender of a witness fee and mileage is required where a subpoena requires a witness to appear, and failure to do so renders the subpoena invalid."); *Shiman v. Nissan Motor Co.*, No. 08-60052-CIV, 2009 WL 10699121, at *4 (S.D. Fla. Jan. 8, 2009) ("As numerous courts have held, for service of a deposition subpoena to be proper, the server must simultaneously serve the subpoena and tender the witness fee and reasonably estimated mileage."); *Alan v. Tyz*, No. 08-80935-CIV, 2009 WL 10701024, at *6 (S.D. Fla. Apr. 23, 2009).

3.      Beno Salem objects to the purported subpoenas because they are not validly issued. To issue a subpoena, an attorney authorized to practice in the district must "sign" it, but these purported subpoenas only contain a pasted computerized image of the signature of *pro hac vice* counsel rather than the actual signature of an attorney authorized to practice in the Southern District of Florida.

4.      Beno Salem objects to the subpoenas in their entirety because they pervasively fail to take reasonable steps to avoid imposing undue burden or significant expense on him. The

documents subpoena purports to require an extensive production of electronic documents in a format that requires extensive processing and seeks documents over a period of more than a decade involving dozens of business and their affiliates, employees, agents, and more, with broad and unparticularized requests, and makes no offer to reimburse the out-of-pocket expenses Beno Salem would incur in complying with the Requests, nor to indemnify Beno Salem for any liability he may incur as a result of complying with the Requests, whether under agreements or under foreign data privacy laws. Additionally, the underlying litigation is in England, and under English law, a party that requests production of documents from a non-party is required to pay the costs, including legal fees, of the non-party; allowing a Section 1782 application to evade the English cost-shifting rules for non-party discovery would encourage forum-shopping for discovery that the English Court would have had jurisdiction to order anyhow. Absent a satisfactory offer of the costs of review and production compliant with Rule 45(d)(1), Beno Salem has no obligation to comply with the subpoenas and certainly not to conduct any expensive electronic searches or produce documents in a form that requires substantial out-of-pocket expense to convert documents into some other form from that in which they are maintained.

5.     Beno Salem objects to these requests on the basis that the service of the subpoenas on him violates agreements that Moussy Salem entered into containing covenants not to initiate further proceedings against Beno Salem.

6.     Beno Salem objects to the Requests to the extent that they seek to impose burdens that are inconsistent with, or in addition to, Beno Salem's obligations pursuant to Federal Rules of Civil Procedure and/or Local Rules.

7.     Beno Salem objects to the Requests to the extent that they purport to require documents or other information that Beno Salem does not possess, have custody of, or control.

Among other things, the subpoena purports to require Beno Salem to produce documents of "any of his affiliates, agents, or representatives, or others acting on his behalf" whether or not he has the right to obtain any of their documents, and the definition of Salem Businesses arguably suggests that Beno Salem is required to respond for businesses that he does not own, that are owned by other members of his family, or that are owned by trustees on behalf of trusts, many of which he is not a beneficiary of. Similarly, Instruction 12 purports to require production of documents that were in Beno Salem's possession, custody, or control at any time, even if they are no longer in his possession, custody, or control at the time he was served with or may respond to the subpoenas. A subpoena recipient simply is not required to produce documents he does not have. Nor is a subpoena recipient required to produce documents that his "heirs" or an assorted list of other people have.

8.      Beno Salem objects to the Requests to the extent that they seek information that is already in the possession, custody, or control of Plaintiff, his attorneys, or agents, or can more easily be obtained from a different source.

9.      Beno Salem objects to the Requests to the extent that they demand compliance with Local Rule 26.2, which does not exist in the Local Rules of the Southern District of Florida (but does exist in the Local Rules of the Southern District of New York).

10.     Beno Salem objects to the Requests to the extent that they purport to require the production of "all" or "every" document(s) related in any way to certain matters or to identify "all" or "every" person(s) or document(s) related in any way to certain matters, on the grounds that such requirements are over broad, vague, unduly burdensome, and beyond the scope of permissible discovery under the Federal and Local Rules.

11.     Beno Salem objects to the Requests to the extent that they seek information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, considering the amount in controversy, the importance of the issues at stake in the action, the parties' resources, the importance of the discovery in resolving the issues, and the burden and/or expense of the proposed discovery outweighs its likely benefit. Among other things, the Requests seek information that Moussy Salem sought in England and that was rejected by the English Court because it was not actually relevant to the issues before the English Court.

12.     Beno Salem objects to the Requests to the extent that they are vague, ambiguous, or incorporate confusing definitions.

13.     Beno Salem objects to the Requests to the extent that they are not limited to a time period relevant or proximate to the events at issue in this action.

14.     Beno Salem objects to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege, and/or any other privilege or immunity, whether under U.S. law, English law, or other applicable law. Beno will not provide information that is subject to any such privilege or protection. To the extent that Beno Salem ultimately produces any information that is protected by an applicable privilege or protection, such production will be inadvertent, shall not be deemed a waiver of any otherwise valid claim of privilege or protection, and any failure to assert a privilege or protection as to one document or communication shall not be deemed to constitute a waiver as to any other document or communication so protected. Beno Salem reserves the right to withdraw or recover such information to the extent it is inadvertently produced.

15.     Beno Salem objects to the Requests to the extent that they purport to require him to violate the data privacy or other laws of any jurisdiction. Beno Salem will not produce any

documents subject to any such law absent compliance with any such law and indemnification against any liability under any such law.

16.     Beno Salem objects to the Requests to the extent that they seek confidential, sensitive or proprietary business information that belongs to Beno Salem and/or third parties.

17.     Beno Salem objects to the Requests to the extent that they seek information in which non-parties have a legitimate expectation and/or right of privacy.

18.     Beno Salem objects to the Requests that are unreasonably cumulative, oppressive, harassing, and/or will cause him to incur any unnecessary expense.

19.     Beno Salem objects that the Requests are worded tendentiously, containing assumptions, or otherwise to imply that allegations are true. If Beno Salem is ever served with a valid subpoena, any response should not be taken as an admission that any such implication or assumption is true.

20.     Beno Salem incorporates these General Objections into each specific objection as if fully set forth therein. Without waiving any of the foregoing objections, all of which are incorporated by reference in each of the responses below, Beno Salem specifically objects to the Requests as follows:

### SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

**REQUEST NO. 1:**

All documents, such as, account statements, management account statements, business statements, or communications from 2013 to present evidencing or concerning payments received or made by Morsgate or the Morsgate Shareholders in respect of services provided by Parker Logistics Limited, Monline International Limited or Monline UK Limited to Morsgate and the terms on which such services were provided to Morsgate.

**OBJECTIONS TO REQUEST NO. 1:**

Beno Salem incorporates his General Objections, including but not limited to that the subpoena is invalid and not properly served and that it is improper to require a non-party to incur

significant expense to respond to a subpoena. Beno Salem further objects to this request to the extent that it calls for production of privileged or otherwise protected documents or information. Beno Salem further objects to this Request on the grounds that it facially seeks documents Applicant has received in England or otherwise within the English Court's jurisdiction and that it is thus unduly burdensome and disproportionate to require duplicative discovery from a non-party. Beno Salem further objects to this request on the grounds that "[a]ll documents" is facially overbroad, especially in a non-party subpoena and renders the request unparticularized. Beno Salem further objects that a more than a decade timeframe is facially overbroad and goes beyond the time period at issue in England. Beno Salem further objects that "payments received or made by Morsgate or the Morsgate Shareholders in respect of services provided by Parker Logistics Limited, Monline International Limited or Monline UK Limited to Morsgate and the terms on which such services were provided to Morsgate" is unparticularized as to what the services may be. Beno Salem further objects that "evidencing or concerning payments" is facially overbroad and vague and unparticularized and would seem to require Beno Salem to seek every document related to a payment even if there were no dispute that that payment occurred or if a smaller set of documents are sufficient for Applicant's needs in England.

## REQUEST NO. 2:

All documents such as share registers, nominee agreements, or communications evidencing the ownership or controlling mind(s) behind Monline UK Limited, Morsgate or the Morsgate Shareholders including but not limited to information about the basis on which each of the Morsgate Shareholders (and their respective shareholders) hold their interests therein and, to the extent such interest is held for a third party, the basis on which that interest is so held.

## OBJECTIONS TO REQUEST NO. 2:

Beno Salem incorporates his General Objections, including but not limited to that the subpoena is invalid and not properly served and that it is improper to require a non-party to incur

significant expense to respond to a subpoena. Beno Salem further objects to this request to the extent that it calls for production of privileged or otherwise protected documents or information. Beno Salem further objects to this Request on the grounds that it facially seeks documents Applicant has received in England or otherwise within the English Court's jurisdiction and that it is thus unduly burdensome and disproportionate to require duplicative discovery from a non-party. Beno Salem further objects to this request on the grounds that "[a]ll documents" is facially overbroad, especially in a non-party subpoena and renders the request unparticularized and would appear to require burdensome searches even if narrower, more specific documents could satisfy whatever Applicant's needs are in England. Beno Salem also objects that "basis," as used in this Request, is vague and incomprehensible.

## REQUEST NO. 3:

All documents dating from January 1, 2016 onwards evidencing or concerning the creation of Monline UK Limited and the transfer of assets and/or management responsibilities from Monline International Limited to Monline UK Limited.

## OBJECTIONS TO REQUEST NO. 3:

Beno Salem incorporates his General Objections, including but not limited to that the subpoena is invalid and not properly served and that it is improper to require a non-party to incur significant expense to respond to a subpoena. Beno Salem further objects to this request to the extent that it calls for production of privileged or otherwise protected documents or information. Beno Salem further objects to this Request on the grounds that it facially seeks documents Applicant has received in England or otherwise within the English Court's jurisdiction and that it is thus unduly burdensome and disproportionate to require duplicative discovery from a non-party. Beno Salem further objects to this request on the grounds that "[a]ll documents" is facially overbroad, especially in a non-party subpoena and renders the request unparticularized and would

8

appear to require burdensome searches even if narrower, more specific documents could satisfy whatever Applicant's needs are in England. Beno Salem also objects that "management responsibilities" is vague and incomprehensible, as well as irrelevant to the English Proceedings. Beno Salem also objects that the only "asset[]" at issue in the English Proceeding, as he understands it, is a purported contractual right to provide certain services under a contract and anything else would be irrelevant to the English Proceeding.

**REQUEST NO. 4:**

All communications between January 1, 2016, and August 31, 2016, concerning the creation of Monline UK Limited.

**OBJECTIONS TO REQUEST NO. 4:**

Beno Salem incorporates his General Objections, including but not limited to that the subpoena is invalid and not properly served and that it is improper to require a non-party to incur significant expense to respond to a subpoena. Beno Salem further objects to this request to the extent that it calls for production of privileged or otherwise protected documents or information. Beno Salem further objects to this Request on the grounds that it facially seeks documents Applicant has received in England or otherwise within the English Court's jurisdiction and that it is thus unduly burdensome and disproportionate to require duplicative discovery from a non-party. Beno Salem further objects to this request on the grounds that "[a]ll documents" is facially overbroad, especially in a non-party subpoena and renders the request unparticularized and would appear to require burdensome searches even if narrower, more specific documents could satisfy whatever Applicant's needs are in England.

**REQUEST NO. 5:**

All documents evidencing or concerning the Morsgate Agreement from 2013 to August 31, 2016, including, without limitation, any and all amendments, modifications, addenda, or other

agreements intended to modify, add to, or supersede the rights, obligations or terms set forth in the Morsgate Agreement in any manner.

**RESPONSE TO REQUEST NO. 5:**

Beno Salem incorporates his General Objections, including but not limited to that the subpoena is invalid and not properly served and that it is improper to require a non-party to incur significant expense to respond to a subpoena. Beno Salem further objects to this request to the extent that it calls for production of privileged or otherwise protected documents or information. Beno Salem further objects to this Request on the grounds that it facially seeks documents Applicant has received in England or otherwise within the English Court's jurisdiction and that it is thus unduly burdensome and disproportionate to require duplicative discovery from a non-party. Beno Salem further objects to this request on the grounds that "[a]ll documents" is facially overbroad, especially in a non-party subpoena and renders the request unparticularized and would appear to require burdensome searches even if narrower, more specific documents could satisfy whatever Applicant's needs are in England. Beno Salem also objects that "All documents evidencing or concerning the Morsgate Agreement" is facially overbroad, especially in a non-party subpoena, when presumably Applicant's needs in England are for the actual agreement rather than documents merely concerning it.

**REQUEST NO. 6:**

All communications between Beno Salem or the Salem Businesses with Morsgate International Limited from 2013 to August 31, 2016, concerning the Morsgate Agreement.

**OBJECTIONS TO REQUEST NO. 6:**

Beno Salem incorporates his General Objections, including but not limited to that the subpoena is invalid and not properly served and that it is improper to require a non-party to incur significant expense to respond to a subpoena. Beno Salem further objects to this request to the

10

extent that it calls for production of privileged or otherwise protected documents or information.

Beno Salem further objects to this Request on the grounds that it facially seeks documents

Applicant has received in England or otherwise within the English Court's jurisdiction and that it

is thus unduly burdensome and disproportionate to require duplicative discovery from a non-party.

Beno Salem further objects to this request on the grounds that "[a]ll communications" is facially

overbroad and not limited to the issues actually in dispute in England, especially in a non-party

subpoena and renders the request unparticularized and would appear to require burdensome

searches even if narrower, more specific documents could satisfy whatever Applicant's needs are

in England.

**REQUEST NO. 7:**

All communications between Beno Salem or the Salem Businesses with Parker Logistics Limited
from January 1, 2013 to August 31, 2016 concerning the Morsgate Agreement.

**OBJECTIONS TO REQUEST NO. 7:**

Beno Salem incorporates his General Objections, including but not limited to that the

subpoena is invalid and not properly served and that it is improper to require a non-party to incur

significant expense to respond to a subpoena. Beno Salem further objects to this request to the

extent that it calls for production of privileged or otherwise protected documents or information.

Beno Salem further objects to this Request on the grounds that it facially seeks documents

Applicant has received in England or otherwise within the English Court's jurisdiction and that it

is thus unduly burdensome and disproportionate to require duplicative discovery from a non-party.

Beno Salem further objects to this request on the grounds that "[a]ll communications" is facially

overbroad and not limited to the issues actually in dispute in England, especially in a non-party

subpoena and renders the request unparticularized and would appear to require burdensome

searches even if narrower, more specific documents could satisfy whatever Applicant's needs are in England.

**REQUEST NO. 8:**

All communications between Beno Salem or the Salem Businesses and Monline UK Limited from January 1, 2016, to present, concerning the Morsgate Agreement or any agreement on similar terms with any other company connected to the Salem Businesses.

**OBJECTIONS TO REQUEST NO. 8:**

Beno Salem incorporates his General Objections, including but not limited to that the subpoena is invalid and not properly served and that it is improper to require a non-party to incur significant expense to respond to a subpoena. Beno Salem further objects to this request to the extent that it calls for production of privileged or otherwise protected documents or information. Beno Salem further objects to this Request on the grounds that it facially seeks documents Applicant has received in England or otherwise within the English Court's jurisdiction and that it is thus unduly burdensome and disproportionate to require duplicative discovery from a non-party. Beno Salem further objects to this request on the grounds that "[a]ll communications" is facially overbroad and not limited to the issues actually in dispute in England, especially in a non-party subpoena and renders the request unparticularized and would appear to require burdensome searches even if narrower, more specific documents could satisfy whatever Applicant's needs are in England. Beno Salem further objects that "any agreement on similar terms with any other company connected to the Salem Businesses" is vague and overbroad insofar as it is unclear what terms are "similar," what it means for a company to be "connected to the Salem Businessess," and why other agreements would have anything to do with the issues being litigated in the English Proceeding.

**REQUEST NO. 9:**

All documents evidencing or concerning the transfer of any asset from Monline International Limited between March 1, 2016, and August 31, 2016.

**OBJECTIONS TO REQUEST NO. 9:**

Beno Salem incorporates his General Objections, including but not limited to that the subpoena is invalid and not properly served and that it is improper to require a non-party to incur significant expense to respond to a subpoena. Beno Salem further objects to this request to the extent that it calls for production of privileged or otherwise protected documents or information. Beno Salem further objects to this Request on the grounds that it facially seeks documents Applicant has received in England or otherwise within the English Court's jurisdiction and that it is thus unduly burdensome and disproportionate to require duplicative discovery from a non-party. Beno Salem further objects to this request on the grounds that "[a]ll documents" is facially overbroad, especially in a non-party subpoena and renders the request unparticularized and would appear to require burdensome searches even if narrower, more specific documents could satisfy whatever Applicant's needs are in England. Beno Salem also objects that the only "asset[]" at issue in the English Proceeding, as he understands it, is a purported contractual right to provide certain services under a contract and anything else would be irrelevant to the English Proceeding.

**REQUEST NO. 10:**

All communications regarding the transfer of any asset from Monline International Limited to Monline UK Limited between March 16, 2016, and August 1, 2016.

**RESPONSE TO REQUEST NO. 10:**

Beno Salem incorporates his General Objections, including but not limited to that the subpoena is invalid and not properly served and that it is improper to require a non-party to incur significant expense to respond to a subpoena. Beno Salem further objects to this request to the

13

extent that it calls for production of privileged or otherwise protected documents or information. Beno Salem further objects to this Request on the grounds that it facially seeks documents Applicant has received in England or otherwise within the English Court's jurisdiction and that it is thus unduly burdensome and disproportionate to require duplicative discovery from a non-party. Beno Salem further objects to this request on the grounds that "[a]ll communications" is facially overbroad, especially in a non-party subpoena and renders the request unparticularized and would appear to require burdensome searches even if narrower, more specific documents could satisfy whatever Applicant's needs are in England. Beno Salem also objects that the only "asset[]" at issue in the English Proceeding, as he understands it, is a purported contractual right to provide certain services under a contract and anything else would be irrelevant to the English Proceeding.

**REQUEST NO. 11:**
All documents evidencing or concerning the operation of Monline UK Limited from August 1, 2016, to present.

**RESPONSE TO REQUEST NO. 11:**

Beno Salem incorporates his General Objections, including but not limited to that the subpoena is invalid and not properly served and that it is improper to require a non-party to incur significant expense to respond to a subpoena. Beno Salem further objects to this request to the extent that it calls for production of privileged or otherwise protected documents or information. Beno Salem further objects to this Request on the grounds that it facially seeks documents Applicant has received in England or otherwise within the English Court's jurisdiction and that it is thus unduly burdensome and disproportionate to require duplicative discovery from a non-party. Beno Salem further objects to this request on the grounds that "[a]ll documents" is facially overbroad, especially in a non-party subpoena and renders the request unparticularized and would appear to require burdensome searches even if narrower, more specific documents could satisfy

14

whatever Applicant's needs are in England.  Beno Salem further objects that "evidencing or concerning the operation of Monline UK Limited" for a more than eight-year period is overbroad and does not attempt to confine itself to the issues in dispute in England, and that "the operation" is vague and incomprehensible.

## REQUEST NO. 12:

All communications concerning the operation of Monline UK Limited from August 1, 2016, to present.

## RESPONSE TO REQUEST NO. 12:

Beno Salem incorporates his General Objections, including but not limited to that the subpoena is invalid and not properly served and that it is improper to require a non-party to incur significant expense to respond to a subpoena. Beno Salem further objects to this request to the extent that it calls for production of privileged or otherwise protected documents or information. Beno Salem further objects to this Request on the grounds that it facially seeks documents Applicant has received in England or otherwise within the English Court's jurisdiction and that it is thus unduly burdensome and disproportionate to require duplicative discovery from a non-party. Beno Salem further objects to this request on the grounds that "[a]ll communications" is facially overbroad, especially in a non-party subpoena and renders the request unparticularized and would appear to require burdensome searches even if narrower, more specific documents could satisfy whatever Applicant's needs are in England.  Beno Salem further objects that "evidencing or concerning the operation of Monline UK Limited" for a more than eight-year period is overbroad and does not attempt to confine itself to the issues in dispute in England, and that "the operation" is vague and incomprehensible.

## REQUEST NO. 13:

All documents and communications created between July 1, 2017 and March 31, 2021 concerning services provided by Monline UK Limited to Gestcom International

Trading Offshore SAL/Gee Trading (Offshore) SAL, including but not limited to:
a. All documents evidencing or concerning the nature of the services provided;
b. All communications and documents evidencing or concerning the terms on which services were provided;
c. All communications and documents evidencing or concerning any payments (howsoever comprised) for the services provided;
d. All communications and documents evidencing the circumstances in which Monline UK ceased providing such services.

**OBJECTIONS TO REQUEST NO. 13:**

Beno Salem incorporates his General Objections, including but not limited to that the subpoena is invalid and not properly served and that it is improper to require a non-party to incur significant expense to respond to a subpoena. Beno Salem further objects to this request to the extent that it calls for production of privileged or otherwise protected documents or information. Beno Salem further objects to this Request on the grounds that it facially seeks documents Applicant has received in England or otherwise within the English Court's jurisdiction and that it is thus unduly burdensome and disproportionate to require duplicative discovery from a non-party. Beno Salem further objects to this request on the grounds that "[a]ll documents and communications" for an almost four-year period is facially overbroad, especially in a non-party subpoena and renders the request unparticularized and would appear to require burdensome searches even if narrower, more specific documents could satisfy whatever Applicant's needs are in England. Beno Salem further objects that the Gestcom allegations are not raised in the operative pleadings in England and are thus not relevant to that proceeding. Beno Salem further objects that requiring all documents and communications regarding unspecified services is vague and unparticularized and overbroad in that it is not limited to particular issues in dispute in England.

**REQUEST NO. 14:**

All documents and communications created from January 1, 2017 onwards evidencing or concerning the ownership of Gestcom International Trading Offshore SAL/GEE Trading (Offshore) SAL, including the ownership of the known shareholder thereof of which Beno Salem

is himself a shareholder, BS Gestcom Holdings Corp.

**OBJECTIONS TO REQUEST NO. 14:**

Beno Salem incorporates his General Objections, including but not limited to that the subpoena is invalid and not properly served and that it is improper to require a non-party to incur significant expense to respond to a subpoena. Beno Salem further objects to this request to the extent that it calls for production of privileged or otherwise protected documents or information. Beno Salem further objects to this Request on the grounds that it facially seeks documents Applicant has received in England or otherwise within the English Court's jurisdiction and that it is thus unduly burdensome and disproportionate to require duplicative discovery from a non-party. Beno Salem further objects to this request on the grounds that "[a]ll documents and communications" for an almost four-year period is facially overbroad, especially in a non-party subpoena and renders the request unparticularized and would appear to require burdensome searches even if narrower, more specific documents could satisfy whatever Applicant's needs are in England.  Beno Salem further objects that the Gestcom allegations are not raised in the operative pleadings in England and are thus not relevant to that proceeding and that this request is not limited to any of the issues in dispute in England.

**REQUEST NO. 15:**

All documents, such as, account statements, management account statements, business statements, income and expenditure records, organograms or share registers from 2013 to present evidencing the activities of or concerning each of the Salem Businesses, including but not limited to:
a. All documents evidencing or concerning the present shareholding in Société Cobexim SARL, including inter alia, whether the original shareholders, Beno Salem and Halidou Daouda, continue to hold shares as nominees and, if yes, all documents evidencing or concerning who or what these shares are held for.
b. All documents evidencing the internally reported turnover and expenditure of each of the Salem Businesses.

## OBJECTIONS TO REQUEST NO. 15:

Beno Salem incorporates his General Objections, including but not limited to that the subpoena is invalid and not properly served and that it is improper to require a non-party to incur significant expense to respond to a subpoena. Beno Salem further objects to this request to the extent that it calls for production of privileged or otherwise protected documents or information. Beno Salem further objects to this Request on the grounds that it facially seeks documents Applicant has received in England or otherwise within the English Court's jurisdiction and that it is thus unduly burdensome and disproportionate to require duplicative discovery from a non-party. Beno Salem further objects to this request on the grounds that "[a]ll documents" for an more than a decade is facially overbroad, especially in a non-party subpoena and renders the request unparticularized and would appear to require burdensome searches even if narrower, more specific documents could satisfy whatever Applicant's needs are in England. Beno Salem further objects that a request for all documents about the activities of dozens of entities, with no connection to any particular fact in dispute, is flagrantly overbroad, seeks information that has nothing whatsoever to do with the English litigation, and overly burdensome and a clear violation of the obligation not to impose undue burden on a subpoena recipient. Moussy Salem cannot use the existence of some litigation regarding a cost-plus contract to provide specified services as an excuse to seek *literally* every document about *literally* every one of the Salem Businesses, as this Request facially does. This Request also seeks internal reporting of turnover and expenditures that have nothing to do with the English Proceeding, which concerns how much specific businesses spent on services provided by other specific businesses and the supposed cost-plus fee the latter did or supposedly should have earned on those expenditures. That proceeding has nothing to do with extensive internal financial information about other Salem family-related businesses. Beno

Salem further objects that the English Court specifically stated that information regarding other Salem family-related businesses was irrelevant to the proceedings there, and it is thus irrelevant, overbroad, disproportionate, and inconsistent with comity to seek even more sweeping discovery here.

## REQUEST NO. 16:

All documents evidencing any receipt of funds, directly or indirectly, by Gestcom International Trading Offshore SAL/GEE Trading (Offshore) SAL, in connection with, or as a result of, the provision of the Parker Services.

## OBJECTIONS TO REQUEST NO. 16:

Beno Salem incorporates his General Objections, including but not limited to that the subpoena is invalid and not properly served and that it is improper to require a non-party to incur significant expense to respond to a subpoena. Beno Salem further objects to this request to the extent that it calls for production of privileged or otherwise protected documents or information. Beno Salem further objects to this Request on the grounds that it facially seeks documents Applicant has received in England or otherwise within the English Court's jurisdiction and that it is thus unduly burdensome and disproportionate to require duplicative discovery from a non-party. Beno Salem further objects to this request on the grounds that "[a]ll documents" for an unspecified period is facially overbroad, especially in a non-party subpoena and renders the request unparticularized and would appear to require burdensome searches even if narrower, more specific documents could satisfy whatever Applicant's needs are in England. Beno Salem further objects that the Gestcom allegations are not raised in the operative pleadings in England and are thus not relevant to that proceeding and that this request is not limited to any of the issues in dispute in England. Beno Salem further objects that "Parker Services" is undefined and, absent such a definition, is vague and incomprehensible.

Dated: November 14, 2024

STEPTOE LLP

By:

Elise Haverman
1330 Connecticut Ave NW
Washington, DC 20036
(202) 429-3000

# EXHIBIT C

**Purinton, Tyler**

---

| | |
|---|---|
| **From:** | Purinton, Tyler |
| **Sent:** | Monday, December 2, 2024 2:46 PM |
| **To:** | Sanderson, Joseph; Kritzer, Nate; Haverman, Elise; Tabaksblat,  Lauren; meghan.moore@flastergreenberg.com |
| **Subject:** | RE: Salem - Objections to Beno Salem Subpoenas |

Counsel,

When we met and conferred, you represented that you intended to file a motion to stay the Court's order granting our client's application and authorizing service of the subpoenas pending Beno's 11th Circuit appeal.  You proposed that we agree to a briefing schedule on your stay motion, whereby if it was denied you would agree to produce documents within a specified time thereafter.  Your email today is completely inconsistent with your prior position.

As you know, it remains our position that the subpoenas were properly served, are outstanding, and that your client is refusing to comply.  In light of this and your new position, please be advised that we will be moving to compel Beno's compliance with the document and deposition subpoenas.

Thanks,

**brown**rudnick

**Tyler D. Purinton**
Associate

Brown Rudnick LLP
Seven Times Square
New York, NY 10036
T: +1 212 209 4841
F: +1 212 938 2971
Tpurinton@brownrudnick.com
www.brownrudnick.com

Please consider the environment before printing this e-mail

---

**From:** Sanderson, Joseph <josanderson@steptoe.com>
**Sent:** Monday, December 2, 2024 2:08 PM
**To:** Purinton, Tyler <TPurinton@brownrudnick.com>; Kritzer, Nate <nkritzer@steptoe.com>; Haverman, Elise <ehaverman@steptoe.com>; Tabaksblat, Lauren <LTabaksblat@brownrudnick.com>; meghan.moore@flastergreenberg.com
**Subject:** RE: Salem - Objections to Beno Salem Subpoenas

**CAUTION:** External E-mail. Use caution accessing links or attachments.

Tyler,

In light of the continuing lack of validly-served subpoenas, there are no impending dates to stay, and we have in any event responded to both subpoenas with objections (both to the validity and service of the subpoenas and substantively). *See* FRCP 45(d)(2)(B).

Best,

**Joseph Myer Sanderson**
Associate

**Steptoe**

Steptoe LLP | 1114 Avenue of the Americas | New York, NY 10036
+1 212 378 7615 direct | +1 646 770 7994 mobile | josanderson@steptoe.com | www.steptoe.com | Steptoe Bio

---

**From:** Purinton, Tyler <TPurinton@brownrudnick.com>
**Sent:** Monday, December 2, 2024 1:34 PM
**To:** Kritzer, Nate <nkritzer@steptoe.com>; Sanderson, Joseph <josanderson@steptoe.com>; Haverman, Elise <ehaverman@steptoe.com>; Tabaksblat, Lauren <LTabaksblat@brownrudnick.com>;
meghan.moore@flastergreenberg.com
**Subject:** [EXTERNAL] RE: Salem - Objections to Beno Salem Subpoenas

Counsel,

We still have not received the motion to stay you said you intended to file at our last meet and confer.  In light of this, please let us know when you intend to produce documents in advance of Thursday's deposition of Beno Salem.

Thank you,

**brown**rudnick

**Tyler D. Purinton**
Associate

Brown Rudnick LLP
Seven Times Square
New York, NY 10036
T: +1 212 209 4841
F: +1 212 938 2971
Tpurinton@brownrudnick.com
www.brownrudnick.com

Please consider the environment before printing this e-mail

---

**From:** Kritzer, Nate <nkritzer@steptoe.com>
**Sent:** Wednesday, November 20, 2024 1:42 PM
**To:** Purinton, Tyler <TPurinton@brownrudnick.com>; Sanderson, Joseph <josanderson@steptoe.com>; Haverman, Elise <ehaverman@steptoe.com>; Tabaksblat, Lauren <LTabaksblat@brownrudnick.com>;
meghan.moore@flastergreenberg.com
**Subject:** RE: Salem - Objections to Beno Salem Subpoenas

**CAUTION: External E-mail.** Use caution accessing links or attachments.

That time is fine for us.

**Nathaniel J. Kritzer**
Partner

**Steptoe**

Steptoe LLP | 1114 Avenue of the Americas | New York, NY 10036
+1 212 378 7535 direct | +1 347 479 7087 mobile | nkritzer@steptoe.com | www.steptoe.com | Steptoe Bio

**From:** Purinton, Tyler <TPurinton@brownrudnick.com>
**Sent:** Wednesday, November 20, 2024 11:35 AM
**To:** Sanderson, Joseph <josanderson@steptoe.com>; Haverman, Elise <ehaverman@steptoe.com>; Tabaksblat, Lauren <LTabaksblat@brownrudnick.com>; meghan.moore@flastergreenberg.com
**Cc:** Kritzer, Nate <nkritzer@steptoe.com>
**Subject:** [EXTERNAL] RE: Salem - Objections to Beno Salem Subpoenas

Joseph,

Following up on the below, could you please let us know if 11 am tomorrow works for our meet and confer?

Thank you,

**brown**rudnick

**Tyler D. Purinton**
Associate

Brown Rudnick LLP
Seven Times Square
New York, NY 10036
T: +1 212 209 4841
F: +1 212 938 2971
Tpurinton@brownrudnick.com
www.brownrudnick.com

Please consider the environment before printing this e-mail

**From:** Purinton, Tyler
**Sent:** Tuesday, November 19, 2024 11:28 AM
**To:** Sanderson, Joseph <josanderson@steptoe.com>; Haverman, Elise <ehaverman@steptoe.com>; Tabaksblat, Lauren <LTabaksblat@brownrudnick.com>; meghan.moore@flastergreenberg.com
**Cc:** Kritzer, Nate <nkritzer@steptoe.com>
**Subject:** RE: Salem - Objections to Beno Salem Subpoenas

Joseph,

Thanks.  Does 11 am Thursday work on your end?

**brown**rudnick

**Tyler D. Purinton**
Associate

Brown Rudnick LLP
Seven Times Square
New York, NY 10036
T: +1 212 209 4841
F: +1 212 938 2971
Tpurinton@brownrudnick.com
www.brownrudnick.com

Please consider the environment before printing this e-mail

---

**From:** Sanderson, Joseph <josanderson@steptoe.com>
**Sent:** Tuesday, November 19, 2024 11:24 AM
**To:** Purinton, Tyler <TPurinton@brownrudnick.com>; Haverman, Elise <ehaverman@steptoe.com>; Tabaksblat, Lauren <LTabaksblat@brownrudnick.com>; meghan.moore@flastergreenberg.com
**Cc:** Kritzer, Nate <nkritzer@steptoe.com>
**Subject:** RE: Salem - Objections to Beno Salem Subpoenas

> **CAUTION:** External E-mail. Use caution accessing links or attachments.

Tyler,

We can't do today or tomorrow but could do Thursday or Friday. If you have any proposals you'd like to make before we speak, then let us know.

Best,


**Joseph Myer Sanderson**
Associate

**Steptoe**
Steptoe LLP | 1114 Avenue of the Americas | New York, NY 10036
+1 212 378 7615 direct | +1 646 770 7994 mobile | josanderson@steptoe.com | www.steptoe.com | Steptoe Bio

---

**From:** Purinton, Tyler <TPurinton@brownrudnick.com>
**Sent:** Tuesday, November 19, 2024 10:50 AM
**To:** Haverman, Elise <ehaverman@steptoe.com>; Tabaksblat, Lauren <LTabaksblat@brownrudnick.com>; meghan.moore@flastergreenberg.com
**Cc:** Kritzer, Nate <nkritzer@steptoe.com>; Sanderson, Joseph <josanderson@steptoe.com>
**Subject:** [EXTERNAL] RE: Salem - Objections to Beno Salem Subpoenas


Counsel,

Please let us know your availability today or tomorrow for a meet and confer to discuss Beno Salem's responses and objections.

Thanks,

**brown**rudnick

**Tyler D. Purinton**
Associate

Brown Rudnick LLP
Seven Times Square
New York, NY 10036
T: +1 212 209 4841
F: +1 212 938 2971
Tpurinton@brownrudnick.com
www.brownrudnick.com

Please consider the environment before printing this e-mail

---

**From:** Haverman, Elise <ehaverman@steptoe.com>
**Sent:** Thursday, November 14, 2024 7:43 PM
**To:** Tabaksblat, Lauren <LTabaksblat@brownrudnick.com>; Purinton, Tyler <TPurinton@brownrudnick.com>; meghan.moore@flastergreenberg.com
**Cc:** Kritzer, Nate <nkritzer@steptoe.com>; Sanderson, Joseph <josanderson@steptoe.com>
**Subject:** Salem - Objections to Beno Salem Subpoenas

> **CAUTION: External E-mail.** Use caution accessing links or attachments.

---

Counsel:

Please see attached courtesy copy of Beno Salem's Objections to the Subpoenas e-mailed to counsel on October 31, 2024. A hard copy was also mailed today.

Best,

Elise

**Elise Kyla Haverman**
Associate

**Steptoe**
Steptoe LLP | 1330 Connecticut Avenue NW | Washington, DC 20036
+1 202 429 8102 direct | ehaverman@steptoe.com | www.steptoe.com | Steptoe Bio

This message and any attached documents contain information from the law firm Steptoe LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

*******************************************************************************

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation (EU/2016/679) or in the UK's Data Protection Act 2018) you have provided to us in this and other communications between us, please see our privacy statement and summary here which sets out details of the controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and when and how we intend to transfer it outside the European Economic Area.

*************************************************************************

*************************************************************************

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation (EU/2016/679) or in the UK's Data Protection Act 2018) you have provided to us in this and other communications between us, please see our privacy statement and summary here which sets out details of the controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and when and how we intend to transfer it outside the European Economic Area.

*************************************************************************

*************************************************************************

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation (EU/2016/679) or in the UK's Data Protection Act 2018) you have provided to us in this and other communications between us, please see our privacy statement and summary here which sets out details of the controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and when and how we intend to transfer it outside the European Economic Area.

*************************************************************************